McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Phone: 804.775.1000
Fax: 804.775.1061
www.mcguirewoods.com

Dana L. Rust
Direct: 804.775.7576

**McGUIREWOODS**

drust@mcguirewoods.com
Direct Fax: 804.698.2158

DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 2 9 2013

January 23, 2013

**VIA E-MAIL AND FEDERAL EXPRESS**

Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 730
New York, New York 10007

      Re:    Random Ventures, Inc., et al v. Advanced Armament Corp., LLC, et al.
            Case No. 12-cv-6792 (KBF) (GWG)

Dear Judge Forrest:

      We are writing to bring to your attention possible attempted witness tampering by Plaintiff Kevin Brittingham. **We request that you issue an order barring him from contacting the witnesses in this case, either directly or indirectly, except through his counsel and order that he have no further contact with Jason Schauble until the case is concluded.**

      By way of background, Mr. Brittingham reported to Jason Schauble while he worked for defendant, Advanced Armament Corp., LLC ("AAC"). Mr. Schauble resigned from Remington shortly before Brittingham's termination. (Ex. A, Schauble Declaration ¶ 5) Brittingham apparently hopes that Schauble will testify that he resigned because he was opposed to Brittingham's termination. After Brittingham was terminated, he attempted to contact Schauble both by phone and text message. Schauble did not reply either to the phone calls or text messages. When Schauble did not respond, Brittingham's text messages quickly became more strident and insistent. In one, he asked Schauble "Just trying to save your own ass?" In another, he wrote "You need to talk to me before next week." (Ex. A attachment) Again, Schauble did not respond to these messages. (Ex. A, ¶ 8)

      Unable to contact Schauble directly, Brittingham began to enlist mutual acquaintances to help him do so. In May 2012, one such acquaintance, Trey Knight, told Schauble that Brittingham was trying to get ahold of him and he should take his call and speak with him. Schauble told Knight that he did not intend to speak to Brittingham. (Ex. A, ¶12). Brittingham then sent Schauble a text message at 12:47 a.m. calling Schauble a "Shit talking pussy." Later

Atlanta | Austin | Baltimore | Brussels | Charlotte | Charlottesville | Chicago | Houston | Jacksonville | London
Los Angeles | New York | Norfolk | Pittsburgh | Raleigh | Richmond | Tysons Corner | Washington, D.C. | Wilmington

45037475_1

Hon. Katherine B. Forrest
January 23, 2013
Page 2

that morning, Brittingham apparently attempted to apologize stating "Totally not cool. My bad." (Ex. A attachment) Again, Schauble did not respond to either of the messages.

On December 6, 2012, Brittingham attempted to contact Schauble again through another intermediary, Travis Getz. (Ex. A, ¶ 8) Getz called Schauble, who was not available at the time. When Schauble returned Getz's call, Getz told him that he had a message from Brittingham that he wanted to pass along. (Id.) Specifically, Getz told Schauble that Brittingham believed that AAC had fired him as a cost-cutting measure, initiated by the former CEO of the Freedom Group, Bob Nardelli and that he had been terminated to avoid paying Brittingham millions of dollars Brittingham believed was owed to him under the terms of his contract. (Id., ¶ 9) Getz also told Schauble that Brittingham believed that Schauble had resigned because he refused to fire Brittingham "under those circumstances." (Id.) Getz further advised Schauble that Brittingham believed that Schauble was presently receiving $25,000 a month from Remington and it would be hard for him "to tell the truth" if doing so would have a financial impact on Schauble and his family. (Id.) Getz then relayed that Brittingham would "make it right" if Schauble lost money he was receiving from Remington because Brittingham did not want Schauble to "take the financial hit for telling the truth." (Id.) When Schauble heard this from Getz, he immediately believed that Brittingham was offering to pay him money to influence his testimony.[1] (Id. ¶ 11)

After his discussion with Mr. Getz, Schauble was contacted by yet another mutual acquaintance, Jesse Walcott who began to relay a message to Schauble from Brittingham. Once Schauble realized what Walcott was trying to do, he cut off Walcott and told him not to do so. (Id. ¶ 12)

Upon information and belief, Brittingham has been contacting Schauble for the purpose of attempting to influence his testimony as a witness in this case. Once it became clear to Brittingham that Schauble was not going to return his calls and texts, Brittingham began to resort to profanity, asking Schauble if he was "Just trying to save [his] own ass?" He then became insistent, stating in another text message "You need to talk to me before next week." When this failed, he enlisted a third party, Trey Knight, to contact Schauble. When this did not work, his insults toward Schauble became more extreme, resulting in a message where he called Schauble a "Shit talking pussy." After this tactic failed, Brittingham resorted to his latest ploy, which Schauble immediately interpreted to be an attempt to bribe him for his testimony. It is difficult

---

[1] Upon information and belief, Getz will confirm that he was contacted by Brittingham and called Schauble on Brittingham's behalf. Getz will also confirm that he spoke to Schauble about his upcoming deposition, his financial arrangement with Remington, and Brittingham's concern that Remington would stop Schauble's severance payments. Upon information and belief, Getz will deny saying anything to Schauble about Brittingham paying him money so that he would not suffer financial repercussions for telling the truth. Schauble is adamant that Getz told him that Brittingham said he would "make it right" if Schauble lost the money Schauble was receiving from Remington so that Schauble would not have to "take the financial hit for telling the truth."

Hon. Katherine B. Forrest
January 23, 2013
Page 3

to reach any other possible conclusion regarding Brittingham's motivation. His statement to Schauble, relayed through Getz, that he would "make it right" if Schauble lost money from Remington is a transparent and obvious attempt to pay Schauble for his testimony.

Schauble's deposition is presently set for the week of February 4, 2013. (Ex. B) **Defendants request that the Court issue an order prohibiting Brittingham from having further contact with Schauble, either directly or indirectly, until the case is concluded. Defendants further request that this Court enter an order barring Brittingham from having contact with other witnesses in this matter, either directly or indirectly, except through his counsel, because of the risk of Brittingham attempting to tamper with witnesses.** Defendants note in support of this request that this Court has inherent power to issue such an order. *See United States v. LaFontaine*, 210 F.3d 125 (2nd Cir. 2000) (affirming district court order barring party from contacting potential witnesses).

I conferred in good faith with opposing counsel regarding this matter on January 22, 2013. The parties were not able to resolve this dispute.

Respectfully submitted,

Dana Rust /rus

Dana L. Rust

cc: Robert O'Hare (via e-mail and Federal Express)
Jason D'Cruz (via e-mail and Federal Express)

# Exhibit A

Michael J. DiMattia (MJD-0473)
Philip A. Goldstein (PAG-0908)
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, NY 10105
(212) 548-2100
(212) 548-2150 (fax)
mdimattia@mcguirewoods.com
pagoldstein@mcguirewoods.com

Dana L. Rust (*pro hac vice*)
Edward M. Eakin, III (*pro hac vice*)
McGuireWoods LLP
901 East Cary Street
Richmond, Virginia 23219
(804) 775-1000
(804) 775-1061(fax)
drust@mcguirewoods.com
jeakin@mcguirewoods.com

*Counsel for Defendants Advanced Armament Corp., LLC &
Remington Arms Company, LLC*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RANDOM VENTURES, INC., KEVIN BRITTINGHAM, and LYNSEY THOMPSON, | **ECF Case** |
| | Case No. 12 CV 6792 (KBF)(GWG) |
| Plaintiffs, | |
| | **DECLARATION OF JASON SCHAUBLE** |
| ADVANCED ARMAMENT CORP., LLC, and REMINGTON ARMS COMPANY, LLC, | |
| Defendants. | |

1. My name is Jason Schauble. I am making this declaration of my own free will. I have personal knowledge of my statements in this declaration.

2. I was born April 10, 1975. I currently reside at 12113 Metric Boulevard, Apt. 1421, Austin, Texas 28758. I graduated from Bates College in Lewiston, Maine in 1997, with a B.A. degree in Political Science.

1

## Exhibit A

3. After I graduated from college, I entered the military and served as an enlisted Marine beginning in December 1997. Thereafter, I enrolled in Officer Candidate School and was commissioned as a Second Lieutenant in the Marine Corps in 1999. I received a medical retirement from the Marine Corps as a Captain in July 2006, after being injured in combat in Ameriyah, Iraq in January 2005. While serving as an officer in the Marines Corps, I received various awards and decorations including the Silver Star, the Bronze Star with a combat V, and a Purple Heart.

4. Beginning August, 2006, I worked as a civilian for the United States government for the operations division of the US Marine Corps Forces Special Operations Command (MARSOC). I continued to work in this capacity until February 2008, when I joined Remington, a subsidiary of the Freedom Group.

5. I was involved in the decision that AAC made to terminate Mr. Brittingham's employment, which was effective on or about December 21, 2011. I resigned shortly before Mr. Brittingham's termination.

6. On or about January 1, 2012, I entered into a consulting agreement with Remington and its affiliates, pursuant to which I agreed to assist Remington with its business affairs, and perform other services for the Company during the term of the agreement. I have performed various services for Remington under my consulting agreement, including assisting AAC with compliance issues and assisting Remington with respect to government contracts issues.

7. Since I left Remington, I have received several calls on my mobile telephone from the number that I have on record for Mr. Brittingham. I also have received text messages from Mr. Brittingham. A screen shot of these text messages is attached to my declaration. I

**Exhibit A**

have not returned Mr. Brittingham's calls or text messages and not attempted to make contact with him since I left Remington.

8. On the morning of December 6, 2012, I received a telephone call from Travis Getz, who also knows Mr. Brittingham. At that time, I was unable to take Mr. Getz's call. I returned Mr. Getz's call, and he told me that he had a message from Mr. Brittingham that he wanted to pass along to me.

9. Mr. Getz told me that Mr. Brittingham believes that AAC fired him as a cost cutting measure, initiated by Bob Nardelli, so that Freedom Group would not have to pay Mr. Brittingham the millions of dollars he believes are owed to him under the terms of his contract. Mr. Getz also told me that Mr. Brittingham believes that I resigned my employment at Remington because I refused to fire Mr. Brittingham "under those circumstances." Mr. Getz also told me Mr. Brittingham believes that I have been receiving $25,000 a month from Remington and that it would be hard for me to "tell the truth" if it had a financial impact on my family. Mr. Getz then told me that Mr. Brittingham said that he would "make it right" if I lost the money I was receiving from Remington so that I would not have to "take the financial hit for telling the truth."

10. After hearing this, I thought Mr. Brittingham was offering to pay me money to influence my testimony.

11. In response to the message Mr. Getz relayed to me, I told Mr. Getz that I was sorry that he had to get involved in the dispute between Remington, AAC, and Mr. Brittingham. I also told Mr. Getz to tell Mr. Brittingham that I had received his message, there were no financial issues and I intended to tell the truth.

## Exhibit A

12. Two other individuals, Trey Knight and Jessie Walcott, have both relayed or attempted to relay messages to me on behalf of Mr. Brittingham. In December, I cut off Jessie Walcott before he could go very far. In May, Knight told me Kevin was trying to get ahold of me and that I should take his calls and talk with him. I responded back to Knight that I did not intend to speak with Kevin. At 12:47 a.m. on May 23, 2012, shortly after this exchange with Knight, Brittingham sent me a text message which read "shit talking pussy". I did not respond. At 9:41 a.m. the same day, he sent me another text message "Totally not cool. My bad." I did not respond.

*Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.*

*Executed this 17th day of January, 2013.*

_____
Jason Schauble

#45136379

Exhibit A attachment

..ull Verizon  14:28  44% 🔋

Touch to return to call  27:03

Messages  **Brittingham...**  Edit

> Been shooting it all week. It's good. We will win

Nov 28, 2011, 10:02

> When do you have 5 min to talk today?

Dec 20, 2011, 15:29

> Are you ok?

Dec 27, 2011, 18:37

> Just trying to save your own ass?

Dec 27, 2011, 20:25

> You need to talk to me before next week.

iMessage
May 23, 2012, 0:47

> Shit talking pussy

May 23, 2012, 9:41

> Totally not cool. My bad.

Text Message  Send

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
RANDOM VENTURES, INC., KEVIN
BRITTINGHAM, and LYNSEY THOMPSON, :
: ECF Case
Plaintiffs, :
: No. 12-CV-6792 (KBF)
- against - :
: **NOTICE OF DEPOSITION**
ADVANCED ARMAMENT CORP., LLC, and :
REMINGTON ARMS COMPANY, LLC, :
:
Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :
x

TO:   Jason Schauble
c/o McGuire Woods, LLP
1345 Avenue of the Americas, 7th Floor
New York, NY 10105

PLEASE TAKE NOTICE that Plaintiffs Random Ventures, Inc. ("Random-AAC"), Kevin Brittingham ("Brittingham"), and Lynsey Thompson ("Thompson")(collectively, "Plaintiffs"), by their undersigned counsel, will take the deposition upon oral examination of Jason Schauble at the law offices of McGuire Woods, LLP, 201 N. Tryon Street, Suite 3000, Charlotte, North Carolina 28202, beginning February 4, 2013 at 9:00 a.m., and continuing day to day until completion. The deposition will be taken pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, and will be taken for all purposes permitted by law, including use at trial, and will be taken before an officer authorized by law to take depositions. The deposition will be taken via stenography and/or videotape.

**Exhibit B**

Dated: January 4, 2013

MORRIS, MANNING & MARTIN, LLP

_____
R. Jason D'Cruz (GA Bar No. 004740)
Admitted pro hac vice September 14, 2012
rjd@mmmlaw.com
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 233-7000
(404) 365-9532 (f)


O'HARE PARNAGIAN LLP

Robert A. O'Hare Jr.
Michael Zarocostas
Andrew C. Levitt
82 Wall Street, Suite 300
New York, NY 10005-3686
(212) 425-1401
(212) 425-1421 (f)
rohare@ohareparnagian.com
mzarocostas@ohareparnagian.com
alevitt@ohareparnagian.com

*Attorneys for Plaintiffs*

Exhibit B

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served upon Defendants Advanced Armament Corp., LLC and Remington Arms Company, LLC a true and correct copy of the foregoing **NOTICE OF DEPOSITION** electronically and by depositing said document in the U.S. Mail, proper postage prepaid, addressed to:

| | |
|---|---|
| Michael J. DiMattia | Dana L. Rust |
| Philip A. Goldstein | Edward M. Eakin, III |
| McGuire Woods LLP | McGuire Woods LLP |
| 1345 Avenue of the Americas, 7th Floor | 901 East Cary Street |
| New York, NY 10105 | Richmond, Virginia 23219 |

This 4th day of January, 2013

By: _____

R. Jason D'Cruz (GA Bar No. 004740)
Admitted pro hac vice September 14, 2012
rjd@mmmlaw.com
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30226
Telephone: (404) 233-7000
Facsimile: (404) 365-9532
*Attorney for Plaintiffs*