# Exhibit 72

## ADVANCED ARMAMENT CORP., LLC SERVICES AGREEMENT

**THIS AGREEMENT** ("Agreement") is made effective the 25th day of July, 2011 ("Effective Date") by and between ADVANCED ARMAMENT CORP., LLC, a limited liability company duly organized and existing under the laws of the State of Delaware with offices located at 2408 Tech Center Parkway, Suite 150, Lawrenceville, Georgia 30043 ("AAC") and STEVENS SECURITY SERVICES, LLC a _Georgia_ company with an office located at 4110 Lantern Hill Drive, Dacula, GA 30019 ("Contractor"). Collectively, AAC and Contractor are referred to as "Party" or "Parties" as the sense of the text requires.

### WITNESSETH:

**WHEREAS**, AAC is desirous of engaging Contractor to assist in providing Services as more fully set forth in this Agreement; and,

**WHEREAS**, Contractor is desirous of assisting AAC in providing Services as defined below, and in the development and presentation of such information and data as further defined herein.

**NOW, THEREFORE**, in consideration of the above-stated premises and the mutual promises and covenants hereinafter contained, it is agreed as follows:

1. **TERM:**

   This Agreement shall become effective as of the day and year first above written and will continue for a period of twelve (12) months thereafter ("Term") unless terminated sooner by mutual agreement of the Parties, or in a manner hereinafter set forth. The Term of this Agreement may be extended only by mutual agreement of the Parties duly reflected in a subsequent written document.

2. **RESPONSIBILITIES:**

   During the Term of this Agreement, Contractor agrees to assign its employee, John Stevens, to perform the following Services ("Services") under this Agreement:

   A. AFT monitoring and administrative compliance services, consistent generally with "Attachment 2A," attached hereto and made a part hereof by this reference, at AAC's location in Lawrenceville, Georgia; and,
   B. as part of the Services, attend and complete an AFT training seminar as designated by AAC, to be completed at a time and place mutually acceptable to the Parties; and,
   C. maintain an office location at AAC's location in Lawrenceville, Georgia and personally be available in that office on a mutually acceptable schedule and available by e-mail and phone contact as required during the Term of this Agreement; and,
   D. Contractor agrees not to assign any other employee except John Stevens to perform Services without AAC's advance written permission, which permission may be withheld at the sole discretion of AAC; and,
   E. such other Services as may be requested by AAC and agreed to by Contractor.

CONFIDENTIAL

Contractor understands and agrees it is not authorized to perform any other services under this Agreement without the express written authorization of the AAC representative identified in Section 22, below.

3. **HOURS AND LOCATION:**

   The performance of Services will be within Contractor's discretion and control in accordance with this Agreement. Contractor shall, and shall cause John Stevens to, devote its/his best efforts and diligence to the performance of Services and the discharge of its/his obligations under this Agreement consistent with AAC's requirements.

4. **STANDARDS OF PERFORMANCE:**

   Contractor represents and warrants that it and its employee, John Stevens, are qualified and experienced professionals. In rendering Services under this Agreement, Contractor shall, and shall cause John Stevens to, conform to the highest professional standards of work and business ethics and observe all of AAC's safety rules and procedures while at AAC's location.

5. **REPORTS:**

   Contractor shall, and shall cause John Stevens to, furnish oral and/or written reports from time-to-time sufficient in it's and/or AAC's judgment to apprise AAC concerning Services rendered.

6. **FEES:**

   A. During the term of this Agreement, AAC agrees to pay Contractor the sum of four thousand dollars ($4,000.00) per each two week period during the Term of this Agreement. The first payment, that will include payment for the period beginning the Effective Date and ending on August 19, 2011, shall be paid the week of August 22, 2011 and each subsequent payment under this Agreement shall be made in accordance with Section 7, below.

   B. AAC shall reimburse Contractor for reasonable and necessary out-of-pocket travel and living expenses that are actually incurred in performance of Services under this Agreement. Contractor shall account for all such expenses, and shall submit sufficient documentation to support the expenses. All travel, transportation and living expenses must be authorized by AAC in advance, in order to be subject to reimbursement hereunder.

7. **PAYMENT OF FEES:**

   AAC shall pay Contractor its two week fees automatically, within five (5) business days after the end of the previous two week period, during the Term of this Agreement. Contractor shall submit an invoice for out-of-pocket travel and living expenses hereunder on a monthly basis. AAC shall pay each such invoice as stated above after the receipt of the Contractor's properly submitted invoice. All payments to Contractor from AAC shall be to Contractor's location identified in Section 22, below.

CONFIDENTIAL

REM140000562

8. **COMPLIANCE WITH LAWS:**

   Contractor warrants that neither it nor any of its employees, agents or associates will either directly or indirectly, or through third parties, make or offer to make any payment, gift or promise of anything of value to any person in the service of any government or to any political party or candidate for political office in connection with the solicitation, receipt, negotiation or implementation of orders for the sale or distribution of AAC's products or in the performance of Services hereunder. The term "government" shall mean the government of any country or any subdivision, agency or instrumentality thereof, including the military. In addition to other legal remedies AAC may have, in the event of a violation of this covenant, AAC shall have the right to immediately terminate this Agreement and any others with respect to which such violation occurred, without any liability to AAC.

9. **CONFIDENTIALITY:**

   It is understood that information developed by or communicated to Contractor and/or John Stevens in the performance of Services under this Agreement is of a highly confidential and competition sensitive nature. Contractor agrees, and shall cause John Stevens to agree, that except with the prior written approval of AAC, it/he will make no oral or written disclosure of such information either during or after the Term of this Agreement to any third parties.

10. **RECORDS PROPERTY OF AAC:**

    Contractor agrees that, upon the expiration or termination of this Agreement for any reason whatsoever, all drawings, designs, specifications, notebooks, tracings, photographs, negatives, reports, findings, recommendations, data and memoranda of every description, arising out of and relating to Services rendered under this Agreement, are to become the property of AAC or its assigns, and AAC shall have the exclusive right to copyright or publish such materials. The use of these materials in any manner by AAC or its assigns shall result in no additional claim for compensation or fees by Contractor.

11. **PERSONAL NATURE OF SERVICES:**

    It is understood that the Services contemplated by this Agreement shall be performed personally by John Stevens and that no other person shall be retained or assigned by Contractor to perform Services except upon advance written approval of AAC.

12. **CONFLICT OF INTEREST:**

    If, at any time during the term of this Agreement, Contractor proposes to perform services for others which may conceivably either directly or indirectly conflict with the interests of AAC, Contractor agrees to request in advance and in writing the approval of AAC to perform such services. By entering into this Agreement with AAC, it is understood that Contractor presently has no such conflicting interests, agreements or obligations with any other party. Nothing herein contained shall restrict Contractor from providing non-conflicting consulting services to others during the term of this

CONFIDENTIAL

REM140000563

Agreement, consistent with the duties, responsibilities and demands of AAC on the time of Contractor.

13. <u>ASSIGNABILITY</u>:

Contractor agrees that this Agreement is not assignable by Contractor without the advance written consent of AAC. AAC shall have the right to assign this Agreement to a parent, subsidiary or affiliate of or successor to AAC (including, but not limited to, any entity or entities succeeding to the businesses, assets and/or operations of AAC in any manner relating to the subject matter hereof, whether by merger, purchase, sale, consolidation, reorganization or other restructuring and whether or not AAC is the surviving entity), without the prior written consent of Contractor.

14. <u>RELEASE AND INDEMNIFICATION</u>:

Contractor agrees to and does hereby release AAC from any and all liability for damage to property, property loss, personal injury or death that may be sustained by Contractor or its employees which in any way arises from or is connected with performance of Services under this Agreement, except to the extent such liabilities, loss or damages are the result of the gross negligence or willful misconduct of AAC, its officers, directors, employees or agents. Contractor shall defend, indemnify and hold harmless AAC and its parent and affiliated companies and each of their respective officers, directors, employees and agents from and against any and all liability, loss, damage, cost or expense (including, without limitation, reasonable attorneys', accountants' and investigators' fees), incurred, arising out of or relating to any proceedings, actions, claims, disputes or otherwise asserted by a third party with respect to, arising out of or in connection with this Agreement or any Services provided hereunder except to the extent such liabilities, loss or damages were the result of the gross negligence or willful misconduct of AAC, its officers, directors, employees or agents.

15. <u>NATURE OF RELATIONSHIP</u>:

It is understood that in the performance of Services under this Agreement, Contractor is acting solely as an independent Contractor and contractor and not as an employee of AAC. Further, nothing in this Agreement shall be construed or implied to create a relationship of partners, agency, joint venturers or of employer and employee. Since Contractor is an independent contractor, it is understood that AAC has no obligation under foreign or domestic laws regarding employee liability and AAC's total commitment and liability in regard to this Agreement is payment of Contractor's fee and expenses expressly limited as described herein.

16. <u>TAXES</u>:

A. All taxes applicable to any amounts paid by AAC to Contractor under this Agreement shall be Contractor's liability and responsibility.
B. Contractor's EIN is: 45-1689988

CONFIDENTIAL

REM140000564

17. **INTELLECTUAL PROPERTY:**

    A.  Contractor hereby acknowledges that the intellectual property of AAC including, but not limited to, its trademarks, service marks, trade names and patents ("Intellectual Property") and any and all ancillary rights thereto are either the property of AAC or the subject of a license authorizing AAC to use and sublicense the Intellectual Property and Contractor agrees not to take any action concerning the use or ownership of Intellectual Property without the express written permission of AAC. Contractor does not hereby acquire, and shall not endeavor to acquire, nor assist or encourage third parties to acquire, any right, license or interest to or in the Intellectual Property, including, but not limited to, acquisition through registration, application for registration or use, other than as expressly provided in this Agreement.

    B.  Contractor agrees to promptly notify AAC of any infringements, unfair competition claim, or unauthorized use of the Intellectual Property that comes to its attention. AAC shall have the sole right to determine what action, if any, shall be taken with respect to such infringement, claim or unauthorized use.

18. **DISCLOSURE OF INVENTIONS AND DISCOVERIES:**

    Contractor agrees to make prompt and complete disclosure to AAC of all inventions and discoveries made or conceived by it, including its employees, while this Agreement is in effect, or within a reasonable time thereafter, which arise out of or relate to the Services rendered pursuant to this Agreement. Contractor also agrees to keep necessary records, including notes, sketches, drawings, models and data supporting all such inventions and discoveries made by it, during the course of performing Services pursuant to this Agreement, and Contractor agrees to furnish to AAC, upon request, all such records.

19. **ASSIGNMENT OF INVENTIONS AND DISCOVERIES:**

    Contractor also agrees that it will assign to AAC all inventions and discoveries made by it, including its employees, which arise out of and pertain to the Services rendered pursuant to this Agreement, together with patents as may be obtained on these inventions and discoveries. Contractor further agrees that, upon request of AAC, it will execute all necessary papers and cooperate in the fullest degree with AAC in securing, maintaining, and enforcing any such patents which arise out of its Services under this Agreement. It is understood, however, that these obligations undertaken by Contractor will be at no expense to it.

20. **LIMITATION OF AUTHORITY:**

    Contractor shall have only such authority as is from time-to-time granted or delegated in writing by AAC.

21. **TERMINATION:**

    This Agreement may be immediately terminated upon the happening of any of the following events:

CONFIDENTIAL

REM140000565

    A.    Breach of a material obligation by Contractor;
    B.    Breach of law or regulation;
    C.    Willful or serious misconduct;
    D    Inability or refusal by Contractor to provide Services; or
    E.    For the convenience of AAC upon the giving Contractor written notice of termaintion.

Upon termination, all further obligations of the Parties shall cease except as specifically described elsewhere herein. AAC's total obligation to Contractor shall be to pay for Services rendered to AAC through the date of termination that have not previously been paid. Under no circumstances shall AAC be liable to Contractor for any other amounts whatsoever.

22. **NOTICES:**

All notices and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be sent by e-mail or facsimile and confirmed by a subsequent letter sent by overnight courier to the addresses shown below, or such other address as either Party may furnish the other in writing from time-to-time, in accordance with this Section. Any such notices or changes of address shall be effective on the business day next following the delivery of the confirming notice by overnight courier.

If to AAC:    Advanced Armament Corp., LLC
    c/o: Remington Arms Company, LLC
    870 Remington Drive
    Madison, NC 27025
    Attention: General Counsel
    Telephone: (336) 548-8507
    E-Mail: fred.roth@remington.com

If to Contractor:    Stevens Security Services, LLC
    4110 Lantern Hill Dr.
    Dacula, GA 30019
    Attention: John Stevens, President
    Telephone: (404) 569-0182
    E-Mail: johnrs.pgn@gmail.com

23. **NO SOLICATION:**

Contractor agrees that it will not, without the prior written consent of AAC, directly or indirectly solicit any employee of AAC or its parent, subsidiary and affiliated companies or induce any employee to leave AAC or its parent, subsidiary and affiliated companies employment for a period of one (1) year after the termination or expiration of this Agreement.

24. **LAW:**

This Agreement shall be governed, construed and interpreted under and pursuant to the substantive laws of the State of Georgia, excluding its choice of law rules.

CONFIDENTIAL

REM140000566

23. **GENERAL PROVISIONS:**

   A. The failure of either Party, at any time, to require performance of the other Party of any provision hereof, shall in no way affect the full right to require such performance at any time thereafter, nor shall the waiver by either Party of a breach of any provision hereof be taken or held to be a waiver of the provision itself.

   B. In the event that this Agreement, or any of its sections, terms and/or provisions, is declared invalid or unenforceable by a court, agency, commission or other entity having jurisdiction thereof, neither Party shall have any cause of action or claim against the other Party by reason of such declaration of invalidity or unenforceability. The Parties agree that each and every section, term and/or provision of this Agreement shall be considered severable and that in the event a court of competent jurisdiction finds any section, term and/or provision of this Agreement to be invalid or unenforceable, the validity and enforceability of the remaining sections, terms and/or provisions shall not be affected and this Agreement shall be construed in all respects as if the invalid or unenforceable matter had been omitted. The Parties agree that in such an event they will negotiate in good faith a replacement section, term and/or provision for that section, term and/or provision declared invalid or unenforceable.

   C. The headings of the sections of this Agreement are included for convenience only and shall not in any way affect the meaning or interpretation of this Agreement.

   D. This Agreement may be executed in counterparts, each of which shall be deemed an original.

   E. Notwithstanding anything to the contrary contained herein, Sections 4, 6, 9, 10, 14, 16, 17, 18, 19, 23, and 24 shall survive the termination or expiration of this Agreement.

**IN WITNESS WHEREOF**, this Agreement has been duly executed on the day and year first above written.

ADVANCED ARMAMENT CORP., LLC

By: _____

Title: Secretary

JOHN STEVENS

By: _____

Title: President

AAC Consulting Agr

CONFIDENTIAL

REM140000567