# Exhibit 83

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
RANDOM VENTURES, INC., KEVIN             :
BRITTINGHAM, and LYNSEY THOMPSON,        :
                                         :   ECF Case
                        Plaintiffs,      :
                                         :   No. 12-CV-6792 (KBF)
         - against -                     :
                                         :   KEVIN BRITTINGHAM'S AND
ADVANCED ARMAMENT CORP., LLC, and        :   RANDOM VENTURES, INC.'S
REMINGTON ARMS COMPANY, LLC,             :   RESPONSE TO DEFENDANT
                                         :   ADVANCED ARMAMENT
                        Defendants.      :   CORP., LLC'S SECOND
                                         :   REQUESTS FOR PRODUCTION
                                         x   OF DOCUMENTS AND THINGS
                                             AND FIRST REQUEST FOR
                                             ENTRY ONTO LAND OR
                                             OTHER PROPERTY FOR
                                             INSPECTION OF OBJECTS OR
                                             OTHER PROPERTY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

Plaintiffs Kevin Brittingham ("Brittingham") and Random Ventures, Inc. ("Random Ventures"), by and through their undersigned counsel, hereby serve their Responses to Defendant Advanced Armament Corp., LLC's ("AAC") Second Requests for Production of Documents and Things (the "Requests").

## GENERAL RESPONSES AND OBJECTIONS

A.  Brittingham and Random Ventures object to the Requests to the extent they purport to impose obligations beyond those permitted under the Federal Rules of Civil Procedure (the "Federal Rules") and/or the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules").

B.  Brittingham and Random Ventures object to the definitions set forth in the Requests to the extent they contradict, conflict with, or purport to broaden the definitions and rules of construction set forth in Local Civil Rule 26.3 of the Local Rules.

C.   Brittingham and Random Ventures object to the Requests to the extent they seek responses, information, and/or documents that are not in the possession, custody, or control of Brittingham and/or Random Ventures or seek to impose any obligation on Brittingham and/or Random Ventures to provide responses or documents on behalf of any person or entity other than Brittingham or Random Ventures.

D.   Brittingham and Random Ventures object to the Requests to the extent that they call for responses, information, and/or the production of documents that were prepared in anticipation of litigation, are protected by the attorney-client privilege, the work product doctrine, the business strategy privilege, the common interest or joint defense privilege, or any other applicable privilege, doctrine or immunity.  By responding and objecting to the Requests, Brittingham and Random Ventures do not waive, intentionally or otherwise, their attorney-client privilege, work product protection, business strategy privilege, common interest or joint-defense privilege, or any other applicable privilege, doctrine or immunity protecting their communications, transactions, or records from disclosure.  Accordingly, any response or objection inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege or protection.

E.   Brittingham and Random Ventures object to the Requests to the extent they seek responses, information and/or documents and materials that are not relevant to the claims or defenses asserted in this action and/or are not reasonably calculated to lead to the discovery of admissible evidence.

F.   Brittingham and Random Ventures object to the Requests insofar as they seek responses, information, and/or documents that are a matter of public record, have been previously provided to Defendants, are otherwise in Defendants' possession and/or are available

through Defendants' own efforts.

   G. Brittingham and Random Ventures object to the Requests to the extent they seek responses, information, and/or documents that are unduly burdensome to obtain.

   H. Brittingham's and Random Ventures' response to any request set forth shall not be deemed an admission or acknowledgment that such request calls for material relevant to the subject matter of this action, and is without prejudice to Brittingham's and/or Random Ventures' right to contend at trial or any other stage of this or any other action that the requested responses, information, and/or documents are inadmissible, irrelevant, immaterial or otherwise objectionable.

   I. Brittingham's and Random Ventures' search for documents is ongoing. Brittingham and Random Ventures therefore reserve the right to rely on any facts, documents, or other evidence that may develop or come to their attention subsequent hereto. Brittingham's and Random Ventures' responses, as set forth herein, are based on information presently known to Brittingham and Random Ventures and their attorneys and are without prejudice to their right to assert additional objections or supplemental responses, should Brittingham and/or Random Ventures discover additional information or grounds for objections. Brittingham and Random Ventures reserve the right to supplement or amend these responses at any time prior to a trial of this action, and Brittingham and Random Ventures will supplement these responses to the extent required by the Federal Rules.

   J. Any statement that Brittingham and Random Ventures will provide non-privileged responses and/or produce non-privileged documents in its possession sought by a particular request in no way constitutes an admission that Brittingham and/or Random Ventures actually possess the document(s) requested or that any such document(s) exist.

**SPECIFIC RESPONSES AND OBJECTIONS**

The response to the specific request set forth below shall be deemed to incorporate, and shall not be deemed a waiver of, the General Responses and Objections.

**Request No. 1**:

Any and all documents or photographs of Kevin Brittingham and/or a member of his family that contains an AAC suppressor or silencer or an AAC suppressor or silencer attached to a firearm.

**Response**:

Brittingham and Random Ventures object to the request on the grounds that it is overly broad, unduly burdensome, and seeks the production of documents that are not relevant to the claims or defenses asserted in this litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Brittingham and Random Ventures further object to the request on the grounds that it is harassing.

**Request No. 2**:

AAC requests entry onto any and all land or real property owned, rented, or occupied by Kevin Brittingham or Random Ventures for inspection, photograph, testing, and/or sampling of such land or real property to determine if Brittingham possesses the items listed below:

 a) Remington 51 .380 ACP Serial number L92660;
 b) HK P30 9mm serial number 129-029618;
 c) Sig Sauer Pink Mosquito (serial # F090636);
 d) HK416 .223 (serial # HK002271);
 e) Remington 7 (serial # 7845022);
 f) S&W M&P 22LC (serial # DWC38);
 g) Marketing Items for the Farm: Crossbow, Hunting Sight, Ultra Rest, Arrow Quiver, Bowbat, Buckle Strap, Rinehart Target, Buck Target, Mayhem Hunter Camo Shaft;
 h) Riflemaster Ladder Deer Stand;
 i) Riflemaster Ladder Deer Stand;
 j) Big Buddy 2 person Deer Stand;
 k) R&D gun;
 l) Camera—2 Flip MinoHD, Canon Powershot, FLIP Slide HD;
 m) Outdoor Heater and "Range Supplies";

    n) Target used at Silencer Shoot;
    o) Nightscopes;
    p) Ammunition used for R&D;
    q) Remington Modular Sniper Rifle (MSR);
    r) .300 AAC Blackout Low Visibility Assault Weapon; or
    s) Any other property of AAC, Remington Arms Company, LLC, or The Freedom Group, Inc. including, but not limited to forearms, silencers, or other weapons.

**Response:**

Brittingham and Random Ventures object to this request because: (1) Defendants do not have good cause to perform the requested inspection; (2) this request is overly broad, vague, unduly burdensome, unlimited, unconditional, and seeking information not relevant to the claims or defenses asserted in this litigation and not reasonably calculated to lead to the discovery of admissible evidence; (3) this request fails to designate a specific time or place for the inspection; (4) this request is premature, unreasonable, harassing and requested for an improper purpose; (5) this request seeks inspection of private, residential property, the inspection of which will unnecessarily and unreasonably compromise the security and privacy of such property; (6) the information Defendants seek can be properly and easily obtained by other means less troublesome, less burdensome, and far less intrusive and/or invasive of Mr. Brittingham and his family's privacy, including, but not limited to, by interrogatory to Brittingham and/or Random Ventures, and/or by deposition of Brittingham and/or Random Ventures; (7) neither Mr. Brittingham nor Random Ventures is in possession of the items sought for inspection; and (8) Defendants' mere suspicion that Mr. Brittingham and/or Random Ventures possess the items sought for inspection is not sufficient to support such inspection. Brittingham and Random Ventures further state that, on February 15, 2013 – after Plaintiffs' counsel repeatedly requested since February 2012 that AAC pick up its property – Mr. Brittingham delivered the following property to AAC, and AAC acknowledged the receipt of such property from Mr. Brittingham:

(1) two Riflemaster Ladder Deer Stands; (2) one Big Buddy 2-person Deer Stand; (3) three MGM targets; and (4) two archery targets (the Rinehart Target and Buck Target from Buck N Bass).

This 11th day of March 2013.

                                MORRIS, MANNING & MARTIN, LLP

                                /s R. Jason D'Cruz
                                R. Jason D'Cruz
                                Admitted pro hac vice September 14, 2012
                                rjd@mmmlaw.com
                                1600 Atlanta Financial Center
                                3343 Peachtree Road, N.E.
                                Atlanta, Georgia 30326
                                (404) 233-7000
                                (404) 365-9532 (f)

                                O'HARE PARNAGIAN LLP

                                Robert A. O'Hare Jr.
                                Michael Zarocostas
                                Andrew C. Levitt
                                82 Wall Street, Suite 300
                                New York, NY 10005-3686
                                (212) 425-1401
                                (212) 425-1421 (f)
                                rohare@ohareparnagian.com
                                mzarocostas@ohareparnagian.com
                                alevitt@ohareparnagian.com

                                *Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that a copy "Plaintiffs Kevin Brittingham's and Random Ventures, Inc.'s Response to Defendant Advanced Armament Corp., LLC's Second Requests for Production of Documents and Things and First Request for Entry Onto Land or Other Property for Inspection of Objects or Other Property" was served via electronic mail to the following attorneys of record:

| | |
|---|---|
| Michael J. DiMattia | Dana L. Rust |
| Philip A. Goldstein | Edward M. Eakin, III |
| McGuire Woods LLP | McGuire Woods LLP |
| 1345 Avenue of the Americas, 7th Floor | 901 East Cary Street |
| New York, NY 10105 | Richmond, Virginia  23219 |

This 11th day of March 2013.        By:      /s  R. Jason D'Cruz
                                              R. Jason D'Cruz
                                              Admitted pro hac vice September 14, 2012
                                              rjd@mmmlaw.com
                                              Morris, Manning & Martin, LLP
                                              1600 Atlanta Financial Center
                                              3343 Peachtree Road, N.E.
                                              Atlanta, GA 30226
                                              Telephone: (404) 233-7000
                                              Facsimile: (404) 365-9532
                                              *Attorney for Plaintiffs*