**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| RANDOM VENTURES, INC., | ) | **ECF Case** |
| KEVIN BRITTINGHAM, and | ) | |
| LYNSEY THOMPSON, | ) | Case No. 12 CV 6792 (KBF)(GWG) |
| | ) | |
| Plaintiffs, | ) | **JOINT PRETRIAL ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| ADVANCED ARMAMENT CORP., LLC, and | ) | |
| REMINGTON ARMS COMPANY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to the Court's November 15, 2012 Scheduling Order and the Court's Individual

Practices in Civil Cases, set forth below is the parties' Joint Pretrial Order.

1.      **Names, addresses (including law firms), telephone and fax numbers of trial**

**counsel:**

**Counsel for the Plaintiffs:**

R. Jason D'Cruz (admitted *pro hac vice*)
Leslie J. Nordin (admitted *pro hac vice*)
Catharine B. Wooten (admitted *pro hac vice*)
Meredith W. Caifa (admitted *pro hac vice*)
Morris, Manning & Martin LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Telephone:  404.233.7000
Fax:  404.365.9532

Robert A. O'Hare Jr., Esq.
Michael Zarocostas, Esq.
Andrew C. Levitt, Esq.
O'Hare Parnagian
82 Wall Street, Suite 300
New York, NY 10005-3686
Phone: 212-425-1401
Fax: 212-425-1421

**Counsel for the Defendants:**

Michael J. DiMattia
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, NY 10105
Telephone:  212.548.2100
Fax:  212.548.2150

Dana L. Rust (admitted *pro hac vice*)
Edward M. Eakin, III (admitted *pro hac vice*)
McGuireWoods LLP
901 East Cary Street
Richmond, Virginia  23219
Telephone:  804.775.1000
Fax:  804.775.1061

> **2.**      **The number of trial days requested**

The parties request 5 to 7 days for the trial.

> **3.**      **Stipulations**

## JOINT STIPULATIONS OF FACT AND LAW

> 1.      On or about October 2, 2009, AAC purchased substantially all of the assets of

Brittingham's company, Random-AAC, for an agreed upon purchase price. AAC paid Random- AAC a

portion of the purchase price upon closing.

> 2.      Brittingham is a natural person and citizen of Georgia, residing at 2168 Town Manor

Court, Dacula, Georgia 30019.

> 3.      Thompson is a natural person and citizen of Georgia, residing at 2289 Alnwick Drive,

Duluth, Georgia 30096.

> 4.      AAC is a Delaware limited liability company that is wholly-owned by Remington.

> 5.      Remington is a Delaware limited liability company that is wholly-owned by FGI

Operating Company, LLC, which is wholly-owned by FGI Holding Company, LLC, which is

wholly-owned by Freedom Group, Inc., a Delaware corporation with its principal place of business in North Carolina. Remington was formerly known as Remington Arms Company, Inc. until it was converted to a limited liability company on or about July 1, 2011.

6.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

7.      Venue is proper in this court in that the relevant agreements provide that this Court shall be the exclusive jurisdiction for suits arising out of or relating to the parties' agreements or any transactions contemplated thereby.

8.      In 1994, Brittingham founded Advanced Armament Corp. (referred to herein as "Random-AAC"). Brittingham was, at all times, the sole shareholder of Random-AAC.

9.      On October 2, 2009, AAC purchased substantially all of the assets of Random-AAC (the "Purchase") pursuant to that Defendants admitted to this fact in its Answer & Counterclaim filed October 3, 2012 that certain Asset Purchase Agreement by and among AAC, Random-AAC, and Brittingham, dated October 2, 2009 (the "Purchase Agreement").

10.     Stephen P. Jackson executed the Purchase Agreement as Chief Financial Officer of AAC and Chief Financial Officer of Remington as guarantor. At the time of such execution, Mr. Jackson was also the Chief Financial Officer and Treasurer of Freedom Group.

11.     Mr. Jackson executed the Goodwill Agreement as Chief Financial Officer of AAC. At such time, Mr. Jackson was also the Chief Financial Officer of Remington and the Chief Financial Officer and Treasurer of Freedom Group.

12.     Mr. Jackson executed the Brittingham Employment Agreement as Chief Financial Officer of AAC. At such time, Mr. Jackson was also the Chief Financial Officer of Remington and the Chief Financial Officer and Treasurer of Freedom Group.

13.     Mr. Jackson executed the Thompson Employment Agreement as Chief Financial Officer of AAC. At such time, Mr. Jackson was also the Chief Financial Officer of Remington and the Chief Financial Officer and Treasurer of Freedom Group.

14.     Mr. Jackson executed the Thompson Employment Agreement as Chief Financial Officer of AAC. At such time, Mr. Jackson was also the Chief Financial Officer of Remington and the Chief Financial Officer and Treasurer of Freedom Group.

15.     On October 2, 2009, Thompson and AAC executed an Employment Agreement ("Thompson EA"). (Exhibit 94).

16.     On or before March 31, 2015, AAC will achieve a Cumulative Adjusted EBITDA of twenty million dollars ($20,000,000).

17.     Brittingham is the sole owner of Random Ventures, Inc.

18.     Random Ventures, Inc. currently has no employees.

**4.      List of Prospective Witnesses and Estimated Testimony Time**

| Plaintiffs' Case-in-Chief Witnesses | Live or Deposition | Plaintiffs' Estimated Length of Testimony | Defendants' Estimated Length of Cross/Testimony |
|---|---|---|---|
| Kevin Brittingham | Live | 4 hours | 3.0 |
| Lynsey Thompson | Live (by video feed) | 2.5 | 1.5 |
| Allison Wolfe | Live | 1 | .5 |
| Kathy Love*[1] | Live | 1 | 1 |
| Knox Williams* | Live | 2 | 1 |
| John Stevens* | Live | 1 | 1 |
| Mike Smith* | Live | 1 | .75 |
| Ethan Lessard | Live | 2 | 1 |
| Roger Mustian* | Live | 2 | 1.5 |
| Melissa Cofield* | Live | 1.5 | 1.5 |
| Jason Schauble* | Live | 2 | 2 |
| Oralia Johnson* | Live | .5 | .5 |
| Steve Jackson* | Live | 1 | 1 |
| Robert Silvers* | Live | .5 | .5 |
| **Plaintiffs' Case-in-Chief Total:** | | **22 hours** | **16.75 hours** |
| John Dugan[2] | Live | 1 | 1 |
| Don Ronchi* | Deposition | n/a | n/a |
| Robert Nardelli | Deposition | n/a | n/a |
| John Day | Deposition | n/a | n/a |
| Scott Blackwell | Deposition | n/a | n/a |
| **Defendants' Case-in-Chief Witnesses** | **Live or Deposition** | **Plaintiffs' Estimated Length of Cross** | **Defendants' Estimated Length of Testimony** |
| Cory Weisnicht | Live | 1 | 1 |
| Harry McCabe | Live | 1 | 1 |
| Roger Watson | Live | 1 | .75 |
| Manny Kapelsohn | Live | Plaintiffs have stated to Defendants that Plaintiffs reserve the right to cross-examine | .25 |

---

[1] Defendants also intend to call or offer testimony from those witnesses with an asterisk by their name, and with the exception of Ronchi, Defendants are bringing these individuals to the trial.  Thus, no subpoena from Plaintiffs is necessary for these witnesses.

[2] Plaintiffs intend to call Dugan as a rebuttal expert witness in response to McCabe's testimony, unless the Court prefers otherwise.

|  |  | Kapelsohn if his testimony is allowed. |  |
|---|---|---|---|
| Gen. Mike Hagee (Ret.) | Live | Plaintiffs have stated to Defendants that Plaintiffs reserve the right to cross-examine Hagee if his testimony is allowed. | .5 |
| Darin Stafford | Live | 1 | .25 |
| Brian Turner | Live | 1 | .25 |
| Chris Racich | Live | Plaintiffs have stated to Defendants that Plaintiffs reserve the right to cross-examine Racich if his testimony is allowed. | .5 |
| **Defendants' Case-in-Chief Total:** |  | **5** | **4.50** |

### 5.     Deposition Designations

In the binder the parties will submit to the court containing the mini-script transcripts of the depositions referenced below, Plaintiffs' designations are highlighted in yellow, Defendants' designations are highlighted in green, and any testimony subject to an objection is highlighted in red.  Also, the spreadsheet referenced in the Court's Individual Practices will be submitted on a disk with the designation binder.

| DESIGNATED TESTIMONY | CROSS-DESIGNATION/ OBJECTION | RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|
| Defendants incorporate by reference and restate all objections to form that were made in any of portions of testimony referenced below. |  |  |  |
|  |  |  |  |
| Blackwell, p. 18:20-23:10 | Cross designation: 23:11-16 |  |  |
| Blackwell, p. 25:23-29:17 | Cross designation: 29:18 - 32:2 |  |  |

| DESIGNATED TESTIMONY | CROSS-DESIGNATION/ OBJECTION | RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|
| Blackwell, p. 32:3-40:13 | None | | |
| Blackwell, p. 45:21-48:23 | None | | |
| Blackwell, p. 53:20-55:7 | None | | |
| Blackwell, p. 56:7-58:10 | None | | |
| Blackwell, p. 61:6-62:3 | Cross designation: 60:15-22; 62:4 - 63:5 | | |
| Blackwell, p. 63:6-67:16 | None | | |
| Blackwell, p. 69:18-76:8 | Cross designation: 67:18 - 69:17 | | |
| Blackwell, p. 76:14-79:8 | None | | |
| Blackwell, p. 82:14-83:17 | Cross designation: 81:14 - 82:13 | | |
| Blackwell, p. 84:22-85:19 | None | | |
| Blackwell, p. 86:7-90:1 | Cross Designation: 90:2-15 | | |
| Blackwell, p. 94:1-96:6 | None | | |
| Blackwell, p. 96:24-114:2 | None | | |
| Blackwell, p. 116:14-135:10 | None | | |
| Blackwell, p. 136:16-143:24 | Cross Designation: 143:25 - 145:2 | | |
| Blackwell, p. 145:3-174:12 | Cross Designation: 176:13 - 177:1 | | |
| Blackwell, p. 178:24-179:10 | None | | |
| Blackwell, p. 180:14-186:11 | None | | |
| Blackwell, p. 189:16-200:19 | None | | |
| Blackwell, p. 205:16-210:13 | Cross Designation: 210:14 - 211:8 | | |
| Blackwell, p. 218:13-222:5 | Cross Designation: 222:6-15 | | |

| DESIGNATED TESTIMONY | CROSS-DESIGNATION/ OBJECTION | RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|
| Blackwell, p. 222:18-224:20 | None | | |
| Blackwell, p. 224:23-226:21 | None | | |
| Blackwell, p. 231:19-233:22 | None | | |
| Blackwell, p. 236:4-237:15 | None | | |
| Blackwell, p. 246:6-247:5 | None | | |
| Blackwell, p. 248:13-258:-6 | None | | |
| Blackwell, p. 258:14-267:14 | None | | |
| Blackwell, p. 269:20-274:12 | Cross Designation: 274:19 - 279:15 | | |
| Blackwell, p. 279:18-284:22 | Cross Designation: 284:25 - 288:16; objection as to relevance FRE 401: 282:10 - 283:11 - Schauble's interpretation of APA not relevant and not binding on AAC. | The document is not limited to an interpretation of the APA.  It is relevant because it is a communication regarding the earn-out under the APA which Schauble sent to Blackwell. | |
| Blackwell, p. 288:19-292:3 | None | | |
| Blackwell, p. 293:16-295:21 | Cross Designation: 295:22 - 296:24 | | |
| Blackwell, p. 297:15-23 | None | | |
| Blackwell, p. 302:14-305:3 | None | | |
| Blackwell, p. 306:12-310:10 | Cross Designation: 305:6 - 306:11 | | |
| Blackwell, p. 323:2-323:20 | Cross Designation: 323:21 - 324:22 | | |
| Blackwell, p. 328:17-332:19 | Cross Designation: 327:8 - 328:16 | | |
| Blackwell, p. 332:22-338:14 | None | | |

| DESIGNATED TESTIMONY | CROSS-DESIGNATION/ OBJECTION | RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|
| Day, p. 7:5-13 | Cross Designation: 8:14 - 9:12 | | |
| Day, p. 12:25-13:6 | Cross Designation: 11:18 - 12:24; 13:7-21 | | |
| Day, p. 14:16-15:15 | Cross Designation: 15:16-20; 16:11 - 19:2, 20:7-25; 49:12-24 | | |
| Day, p. 21:4-10 | None | | |
| Day, p. 21:24-23:12 | Cross Designation: 23:13-16 | | |
| Day, p. 68:17-70:5 | None | | |
| Day, p. 72:8-90:14 | None | | |
| Day, p. 95:22-99:8 | None | | |
| Day, p. 102:24-107:17 | None | | |
| Day, p. 108:13-21 | None | | |
| Nardelli, p. 11:6-12:9 | Cross Designation: 10:8-10 | | |
| Nardelli, p. 12:19-13:1 | Cross Designation: 13:2-8 | | |
| Nardelli, p. 13:9-14:15 | Cross Designation: 20:19 - 21:19; 23:15-22 | | |
| Nardelli, p. 17:3-20:18 | Cross Designation: 28:3 - 29:23 | | |
| Nardelli, p. 24:2-28:2 | Cross Designation: 33:5-12 | | |
| Nardelli, p. 29:24-32:24 | Cross Designation: 40:10 - 42:2 | | |
| Nardelli, p. 34:1-40:9 | None | | |
| Nardelli, p. 43:4-6 | None | | |
| Nardelli, p. 44:23-47:8 | Cross Designation: 55:4-15 | | |
| Nardelli, p. 55:16-58:9 | None | | |
| Nardelli, p. 62:15-66:9 | None | | |
| Nardelli, p. 67:6-71:1 | None | | |
| Nardelli, p. 72:21-73:12 | Cross Designation: 73:13-15 | | |
| Nardelli, p. 75:22-83:8 | Cross Designation: 83:23 - 84:13 | | |

| DESIGNATED TESTIMONY | CROSS-DESIGNATION/ OBJECTION | RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|
| Nardelli, p. 84:14-85:1 | None | | |
| Nardelli, p. 85:20-86:18 | None | | |
| Nardelli, p. 86:23-87:6 | Cross Designation: 87:7-14 | | |
| Nardelli, p. 87:25-88:8 | Cross Designation: 88:9 - 90:2 | | |
| Nardelli, p. 90:3-92:14 | Cross Designation: 92:15 - 93:2 | | |
| Nardelli, p. 93:3-94:5 | None | | |
| Nardelli, p. 95:12-98:15 | Cross Designation: 98:16 - 99:18 | | |
| Nardelli, p. 99:19-101:2 | None | | |
| Nardelli, p. 103:24-104:9 | None | | |
| Nardelli, p. 104:18-109:21 | None | | |
| Nardelli, p. 111:8-113:22 | Cross Designation: 113:23 - 114:24 | | |
| Nardelli, p. 114:25-116:12 | Cross Designation: 116:13-20 | | |
| Nardelli, p. 117:20-118:12 | None | | |
| Nardelli, p. 119:1-11 | None | | |
| Nardelli, p. 123:3-133:4 | None | | |
| Nardelli, p. 133:17-136:7 | None | | |
| Nardelli, p. 136:18-142:23 | None | | |
| Nardelli, p. 143:5-150:20 | None | | |
| Nardelli, p. 157:4-171:25 | Cross Designation: 155:19 - 157:3 | | |
| Nardelli, p. 174:4-177:22 | None | | |
| Nardelli, p. 179:5-181:2 | Cross Designation: 178:5 - 179:4; 181:6 | | |
| Nardelli, p. 185:25-188:25 | None | | |

| DESIGNATED TESTIMONY | CROSS-DESIGNATION/ OBJECTION | RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|
| Nardelli, p. 189:23-196:7 | Cross Designation: 196:8-18 | | |
| Nardelli, p. 197:10-205:10 | Cross Designation: 205:11-12 | | |
| Nardelli, p. 206:1-21 | None | | |
| Nardelli, p. 208:6-211:17 | None | | |
| Nardelli, p. 212:11-22 | None | | |
| Nardelli, p. 213:10-216:14 | Cross Designation: 217:10 - 218:9 | | |
| Nardelli, p. 218:10-226:8 | None | | |
| Nardelli, p. 226:16-227:13 | None | | |
| Nardelli, p. 228:23-231:16 | None | | |
| Nardelli, p. 232:10-234:2 | Cross Designation: 234:3 - 236:1 | | |
| Nardelli, p. 236:2-237:4 | Cross Designation: 237:5-25 | | |
| Nardelli, p. 238:1-242:8 | None | | |
| Nardelli, p. 245:15-249:20 | Cross designation: 249:21-25 | | |
| Nardelli, p. 250:3-255:8 | None | | |
| Nardelli, p. 257:16-260:4 | None | | |
| Nardelli, p. 260:13-262:10 | Cross Designation: 262:17 - 263:10 | | |
| Nardelli, p. 263:11-264:14 | Cross Designation: 264:15 - 265:2 | | |
| Nardelli, p. 265:3-269:7 | None | | |
| Nardelli, p. 269:21-270:17 | Cross Designation: 270:18 - 271:3 | | |
| Nardelli, p. 271:4-19 | None | | |
| Ronchi, p. 7:3-8:2 | None | | |
| Ronchi, p. 12:8-14:4 | None | | |
| Ronchi, p. 15:17-17:15 | Cross Designation: 18:25 - 19:15; 20:16 - 21:16 | | |

| DESIGNATED TESTIMONY | CROSS-DESIGNATION/ OBJECTION | RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|
| Ronchi, p. 18:10-18:24 | Cross Designation: 23:14 - 24:21 | | |
| Ronchi, p. 22:7-23:13 | None | | |
| Ronchi, p. 40:21-41:5 | None | | |
| Ronchi, p. 43:5-45:14 | None | | |
| Ronchi, p. 45:23-46:12 | None | | |
| Ronchi, p. 47:20-49:21 | Cross Designation: 49:22 - 50:3 | | |
| Ronchi, p. 50:4-51:9 | Cross Designation: 51:10 - 51:16 | | |
| Ronchi, p. 51:17-52:6 | None | | |
| Ronchi, p. 52:25-53:5 | None | | |
| Ronchi, p. 53:25-54:22 | Cross Designation: 53:15-24 | | |
| Ronchi, p. 59:6-11 | Cross Designation: 59:14-15 | | |
| Ronchi, p. 59:19-63:6 | None | | |
| Ronchi, p. 65:16-66:21 | Cross Designation: 66:22-24 | | |
| Ronchi, p. 67:11-69:2 | None | | |
| Ronchi, p. 70:21-73:17 | Cross Designation: 73:18 - 75:1 | | |
| Ronchi, p. 75:4-23 | None | | |
| Ronchi, p. 76:6-25 | Cross Designation: 77:1-20 | | |
| Ronchi, p. 80:8-13 | None | | |
| Ronchi, p. 82:6-17 | None | | |
| Ronchi, p. 85:23-86:18 | Cross Designation: 85:14-22 | | |
| Ronchi, p. 87:19-88:18 | None | | |
| Ronchi, p. 89:20-91:20 | None | | |
| Ronchi, p. 93:20-97:14 | None | | |
| Ronchi, p. 97:24-100:24 | None | | |
| Ronchi, p. 105:25-110:13 | Cross Designation: 110:14-19 | | |
| Ronchi, p. 114:15-115:25 | Cross Designation: 111:17-114:14 | | |

| DESIGNATED TESTIMONY | CROSS-DESIGNATION/ OBJECTION | RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|
| Ronchi, p. 116:18-117:18 | Cross Designation: 116:1-17 | | |
| Ronchi, p. 119:21-122:7 | Cross Designation: 117:19 - 119:20 | | |
| Ronchi, p. 125:10-126:7 | Cross Designation: 122:14 - 125:9 | | |
| Ronchi, p. 131:13-132:7 | Cross Designation: 132:8 - 134:1 | | |
| Ronchi, p. 134:9-19 | Cross Designation: 134:10 - 136:12 | | |
| Ronchi, p. 136:19-137:10 | Cross Designation: 137:11-19 | | |
| Ronchi, p. 137:25-138:7 | Cross Designation: 138:8-13 | | |
| Ronchi, p. 145:25-146:14 | Cross Designation: 145:5-24 | | |
| Ronchi, p. 152:3-153:19 | Cross Designation: 150:6-152:1 | | |
| Ronchi, p. 154:14-158:11 | None | | |
| Ronchi, p. 160:11-166:7 | Cross Designation: 158:17 - 160:10 | | |
| Ronchi, p. 171:10-173:25 | Cross Designation: 168:3 - 171:9 | | |
| Ronchi, p. 174:6-176:10 | None | | |
| Ronchi, p. 177:14-182:21 | Cross Designation: 182:22 - 183: 10 | | |
| Ronchi, p. 183:16-185:18 | None | | |
| Ronchi, p. 186:3-25 | None | | |
| Ronchi, p. 187:6-190:4 | Cross Designation: 190:5 - 191:12 | | |
| Ronchi, p. 196:5-212:3 | Cross Designation: 213:7 -20 | | |
| Ronchi, p. 214:2-221:6 | Cross Designation: 221:7-25 | | |
| Ronchi, p. 222:13-223:17 | None | | |
| Ronchi, p. 226:7-228:19 | None | | |
| Ronchi, p. 229:12-230:21 | Cross Designation: 230:22 - 231:7 | | |

| DESIGNATED TESTIMONY | CROSS-DESIGNATION/ OBJECTION | RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|
| Ronchi, p. 231:8-21 | None | | |
| Ronchi, p. 234:2-235:18 | None | | |
| Ronchi, p. 237:16-246:25 | None | | |
| Ronchi, p. 249:5-255:16 | None | | |
| Ronchi, p. 258:12-268:18 | Objection as to Relevance: 264:24 - 265:24. Schauble's interpretation of the APA is irrelevant. The document speaks for itself; Cross Designation: 257:18-258:11 | The document is not limited to an interpretation of the APA. It reflects the timing or and deliberations in discussions about terminating Brittingham. | |
| Ronchi, p. 270:3-273:3 | Cross Designation: 269:13-270:1 | | |
| Ronchi, p. 274:7-280:6 | None | | |
| Ronchi, p. 283:11-284:22 | None | | |
| Ronchi, p. 285:12-286:3 | None | | |
| Ronchi, p. 288:5-12 | Cross Designation: 286:16 - 288:4 | | |

| DESIGNATED TESTIMONY | CROSS-DESIGNATION/ OBJECTION | RESPONSE TO OBJECTIONS | COURT RULING |
|---|---|---|---|
| Ronchi, p. 297:11-313:19 | Objection as to Relevance: 311:23 - 313:19 | Ronchi was involved in discussion regarding the termination of Brittingham based on violations of the "probationary agreement" (311:5 and 311:15-16) or the "amended contracts" (312:9-313:19). That he was not aware that the "probationary agreement" or "amended contracts" is relevant to the decision-making process. | |
| Ronchi, p. 314:3-319:10 | None | | |

### 6.    Lists of the Parties' Exhibits

The spreadsheet referenced in the Court's Individual Practices will be submitted on a disk with the looseleaf exhibit binder.  The parties are currently addressing confidentiality issues with respect to certain exhibits and request that no documents submitted to the Court in connection with this Order be made part of the record until sometime after the final pretrial conference.

**Plaintiffs' Exhibits:**

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| PX-001** | Asset Purchase Agreement, with disclosure schedules | None | |
| PX-002** | Schedule 1.1(l) to Asset Purchase Agreement - Firearms and Firearm Components | None | |
| PX-003** | Schedule 1.2(i) to Asset | None | |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | Purchase Agreement - Excluded Assets | | |
| PX-004** | Goodwill Agreement | None | |
| PX-005** | General Assignment and Bill of Sale | None | |
| PX-006** | Employment Agreement with Kevin Brittingham | None | |
| PX-007** | Employment Agreement with Lynsey Thompson | None | |
| PX-008* | Employment Agreement with Robert Silvers | Relevance - FRE 401. The fact that Silvers entered into an Employment Agreement with AAC has nothing to do with the decision to terminate Brittingham's or Thompson's employment or the reasons for those terminations. | Silvers' Employment Agreement is relevant because he, like Brittingham and Thompson, had an employment agreement with AAC. It was part of the terms of the APA. Silvers had an ITAR violation during the time that Brittingham was suspended. Whether Silvers' compliance violations were brought to the Compliance Committee, any repercussions for those violations, and the fact that he was not terminated for "cause" are relevant to the issue of whether "cause" existed for Brittingham's termination due to a material violation of AAC's compliance policies. |
| PX-009** | Compliance Specialist Position Description | None | |
| PX-010** | 7/16/2009 Email chain, subject AAC call | None | |
| PX-011* | 7/16/2009 Email chain, subject AAC call | FRE - 403.  This exhibit is cumulative. See PX-010. | Withdrawn. |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| PX-012* | 7/16/2009 Email, subject AAC call | FRE - 403. This exhibit is cumulative. See PX-010. | Withdrawn. |
| PX-013** | 8/6/2009 Email chain, subject AAC | None | |
| PX-014** | Slide titled Transition Plan Major Objectives (cont.) | None | |
| PX-015** | Slide on Compliance/Legal Major Integration Efforts | None | |
| PX-016** | 9/8/2009 Email, subject My AAC visit tomorrow | None | |
| PX-017** | 9/16/2009 PowerPoint presentation regarding Project SILENT | None | |
| PX-018** | 9/28/2009 Appointment regarding AAC Integration Kick-off meeting | None | |
| PX-019** | AAC Orientation Program PowerPoint presentation | None | |
| PX-020** | AAC Integration Scorecard | None | |
| PX-021** | AAC "Founder" position description dated 10/24/2009 | None | |
| PX-022** | AAC Operations Manager Position Description dated 10/24/2009 | None | |
| PX-023** | AAC Business Manager position description | None | |
| PX-024** | AAC President position descriptions | None | |
| PX-025* | 11/3/2009 Email chain, subject AAC APA | Relevance - FRE 401; Confusion - FRE 403. Lay witnesses interpretation of APA irrelevant. Relocation of AAC not at issue in this litigation. Email does not relate in any way to decision to terminate Brittingham or the reasons for that decision. | This document is relevant and unlikely to confuse the Court. Schauble ultimately was responsible for AAC and, only one month after the acquisition, the subject of moving the company to another state is discussed. At this time, Schauble is aware of what implications moving the company would have |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | | with respect to AAC's obligations to Brittingham under the APA. The content of this document extends further than an interpretation of the APA. |
| PX-026** | 3/3/2011 Email chain, subject Lynsey workload ref. compliance | None | |
| PX-027** | Email dated 11/11/09 from T. Shaw to L. Koz et al. re: AAC New Draft Org Chart | None | |
| PX-028** | Email dated 11/16/09 from Lynsey Thompson to Roger Mustian re: Mark Barnes Gun Control and NFA Firearms Class | None | |
| PX-029** | 12/2/2009 Email chain, subject Tracking number for package | None | |
| PX-030* | 1/6/2010 letter from Scott Allen to AAC and Remington with notice of True up Closing Balance Sheet dispute | Relevance - FRE 401. The True Up is not at issue in this litigation and this letter does not more probable that any defendant took any action to adversely affect AAC's EBITDA or projected EBITDA for the purpose of preventing AAC from achieving the earn out goals in the APA pertaining to EBITDA. | This document is relevant because it demonstrates the extent to which Brittingham had to raise issues related to and/or impacting the financial performance of AAC and, by extension, his contractual rights to the earn-out based on such performance under the APA. Brittingham raised issues regularly to protect his rights under the APA, and the evidence will show that his efforts were not well-received by management. |
| PX-031* | 2/25/2010 PowerPoint presentation for AAC-ERP | Relevance - FRE 401. This document does | This document is relevant to DBA, the |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | Implementation Kick-Off Meeting | not relate to the issues and reasons as to why Brittingham's employment was terminated, nor does it relate to the decision to do same.   This exhibit does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder | system that houses AAC's Bound Book, and the fact that DBA was inaccurate.  It shows that DBA went live on or around May 3, 2010. |
| PX-032* | 3/22/2010 Email, subject Gmail address | FRE - 401; Confusion - FRE 403.  Whether Schauble had a G-mail account that he used to communicate with AAC employees does not have any relation to the decision to terminate Brittingham's employment or the reasons for that decision. | This document is relevant and unlikely to confuse the Court because it shows that Schauble's mindset was to avoid disclosing some information in a lawsuit, and it evidences his credibility. |
| PX-033* | Email dated 3/25/2010 from Haley to Cofield, Subject: 2010-03-25 AAC Compliance | Relevance - FRE 401.  This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | | who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-034** | 3/30/2010 Email chain, subject Question about Non Production Serialized Materials | None | |
| PX-035** | 2010 Incentive Compensation Plan Objectives for Lynsey Thompson | None | |
| PX-036** | 5/11/2010 Email chain, subject AAC ERP Implementation Status | None | |
| PX-037** | 5/14/2010 Letter from Department of State regarding purchase of AAC by Remington | None | |
| PX-038** | 5/19/2010 Email attaching Material Change response letter | None | |
| PX-039* | 6/1/2010 Email, subject List of NFA items to transfer | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | | whether Defendants had "cause" for Brittingham's termination. |
| PX-040* | 6/21/2010 Email chain, subject AAC ERP Implementation Status | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder | The document is relevant because it shows when DBA went into effect and because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-041* | 6/24/2010 Email chain, subject Silencer. | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it shows who the Responsible Persons on the FFL were in 2010. It is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | | they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-042** | 6/29/2010 Email chain, subject Advanced Armament Corp., LLC - Lawrenceville, GA New Location FFL | None | |
| PX-043* | 7/9/2011 Email, subject Remington Update | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. This email addressed issues related to Remington's Ilion facility, not AAC. | This document is relevant because Mustian was responsible for compliance for all facilities, and it shows that Mustian had significant problems in performing his compliance duties (such as losing 2600 guns and reporting that the loss was now down to 1800 guns). This document also is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations. |
| PX-044** | Email dated 7/15/10 from Lynsey Thompson to T. Shaw et al re: AAC Sales Action Log 12 July 2010 | None | |
| PX-045** | Federal Firearms license for Advanced Armament Corp., Lawrenceville location | None | |
| PX-046** | AAC Staff Action Log as of 7/19/2010 | None | |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| PX-047** | Email from Mustian to Wolfe, J. Reeves, Love, and Thompson; Subject: AAC Bulk Form 3's | None | |
| PX-048* | Email dated 7/29/2010 from Wolfe to R. Miller, Thompson, Mustian, & Love, Subject: New Default FFL | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-049** | 8/3/2010 Email chain, subject AAC Action Log 3 August 2010 | None | |
| PX-050* | Form 3s from various dates in August 2010 for transfers of firearms from FFL ending in 02617 to owners other than AAC/Remington entities | Not disclosed / not produced in discovery. FRCP 26. It is unclear to which documents plaintiffs refer and these documents have not been produced or identified by the plaintiffs in discovery. | These documents were in the possession of Defendants and were returned to Brittingham following his termination. Therefore, Defendants should have these documents in their possession and/or had equal access to them. As Plaintiffs' counsel previously explained to Defendants, Mr. Brittingham has thousands of Form 3s in |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | | his possession that AAC sent to him following his termination. AAC should therefore have copies of these documents. Plaintiffs made these documents available for inspection and copying in the event Defendants did not retain a copy. |
| PX-051** | Email & attachment dated 10/13/2010 from Wagoner to Mustian, Subject: AAC (Pre-Remington) FFL | None | |
| PX-052** | Email & attachment dated 10/13/2010 from Wagoner to Mustian, Subject: Norcross FFL | None | |
| PX-053** | 10/15/2010 letter to ATF regarding transfer of silencers from Norcross to Lawrenceville licenses | None | |
| PX-054** | Advance Armament Organizational chart dated 10/21/2010 | None | |
| PX-055* | 11/5/2010 Email, subject EBITDA | Relevance - FRE 401. This email does not make it more probable that any defendant took any action to adversely affect AAC's EBITDA or projected EBITDA for the purpose of preventing AAC from achieving the earn out goals in the APA pertaining to EBITDA. | This document is relevant to the issue of whether the EBITDA threshold for the earn-out under the APA would be met, and evidences financial records used in the computation of AAC's EBITDA. |
| PX-056* | 11/23/2010 Email chain, subject 300 BLK update | Relevance - FRE 401; Prejudice - FRE 403. This email does not make it more probable | Defendants have placed this document at issue in their Motion for Summary Judgment, in |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | that any defendant took any action to adversely affect AAC's EBITDA or projected EBITDA for the purpose of preventing AAC from achieving the earn out goals in the APA pertaining to EBITDA.  Schauble's comments about Nardelli are more prejudicial than probative and do not relate the decision to terminate Brittingham's employment or the reasons for that decision, especially since this email was sent in November 2010, more than a year before Brittingham was terminated | which they incorrectly attribute the statement regarding "Nardelli [messing] with people" to Brittingham.  This document is therefore relevant and unlikely to prejudice Defendants.  It shows that Nardelli was a decision maker in November/December 2010 and Brittingham's desire to meet with AAC decision maker(s) around that time. |
| PX-057* | Organizational Charts dated 11/23/2010 | Relevance - FRE 401.FGI's entire corporate structure is not relevant to the reasons as to why the plaintiffs' were terminated. | This document is relevant because it shows when the Office of the CEO structure went into effect. |
| PX-058** | 11/29/2010 Email Chain, Subject: Update | None | |
| PX-059* | 12/8/2010 letter authorizing Ethan Lessard to transport AAC firearms | Relevance - FRE 401; Confusion - FRE 403.  This document contained a typographical error.  The travel document, which was dated December 2010, states that "Ethan M. | Defendants' objections are not based on facts in evidence, conclusory, constitute speculation and conjecture, and is argument that should be saved for closing after hearing evidence.   The document is a corporate |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | Lessard is an employee of Advanced Armament Corporation, Inc." This company ceased to exist as of October 2009, when the acquisition occurred. Obviously, Lessard was mistakenly given an old form that predated the acquisition, and Plaintiffs are taking this out of context | document that Defendants had an obligation, but failed, to produce in response to Plaintiffs' discovery requests. The document is directly relevant because it  shows that the company authorized Lessard to  possess and transport Brittingham's guns. It evidences that Defendants condoned using whatever means necessary to use  the guns, including misrepresentations regarding Brittingham's old company.   It also evidences that the company used firearms on the RV FFL in the operation of its business. Defendants will have an opportunity to examine their own witnesses about whether this was a mistake. |
| PX-060** | 12/9/2010 Email chain, subject 2010-1-2-09 : update | None | |
| PX-061** | 12/9/2010 Email chain, subject Article in USA Today | None | |
| PX-062** | Email, subject 2010-12-09 Note from Lynsey Firearms on Company premises | None | |
| PX-063** | 12/12/2010 Email chain, subject AAC Update - Business Impacts | None | |
| PX-064** | 12/12/2010 Email chain, subject 2010-12-12 AAC Update - Business Impacts | None | |
| PX-065** | 12/13/2010 Email chain, | None | |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | subject 2010-12-13 Interview today | | |
| PX-066** | 12/13/2010 Email chain, subject 2010-12-13 : AAC Update - Business Impacts | None | |
| PX-067** | 12/16/2010 Email, subject AAC Deal Summary: Asset Purchase Agreement | None | |
| PX-068** | 12/16/2010 Email chain, subject Freedom Group, Inc./Advanced Armament - Initial Voluntary Self-Disclosure | None | Withdrawn. |
| PX-069** | 12/21/2011 Email chain, subject Compliance Policy | None | |
| PX-070** | 12/22/2010 Email chain, subject 2010-12-22 Edward A. McDonald | None | |
| PX-071** | 12/31/2010 Email chain, subject Suspension... | None | |
| PX-072* | Annual Firearms Manufacturing and Exportation Report | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination.  It shows that the compliance function was not |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | | operating properly. Further, if Defendants' Exhibit 106 (containing the Corrective Action Spreadsheet) is admitted, this document shows that the company was not implementing the corrective action items. |
| PX-073** | 1/1/2011 Email chain, subject 2011-01-01 Suspension... | None | |
| PX-074** | 1/3/2011 Email chain, subject 2011-01-03 : Suspension... | None | |
| PX-075** | 1/5/2011 Email chain, subject Compliance Policy | None | |
| PX-076** | 1/5/2011 Notes of AAC Go-Forward discussion | None | |
| PX-077** | 1/5/2011 Email chain, subject 5 minutes | None | |
| PX-078** | 1/6/2011 Email, subject Letter | None | |
| PX-079** | 1/6/2011 Email chain, subject 2011-01-056 AAC and my suspension... | None | |
| PX-080** | 1/7/2011 Email chain, subject 2011-01-07 w: Decisions at AAC... | None | |
| PX-081** | 1/7/2011 Email chain, subject 2011-01-07 Titles : Feedback | None | |
| PX-082** | 1/7/2011 Appointment regarding AAC Investigation Review | None | |
| PX-083** | 1/8/2011 Email, subject 2011-01-08 Need Approval: AAC Terms for Reinstatement | None | |
| PX-084** | Term sheet for reinstatement - Kevin Brittingham, signed 1/9/2011 | None | |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| PX-085** | Term Sheet for Reinstatement - Lynsey Thompson | None | |
| PX-086** | Interview record - Kevin Brittingham | None | |
| PX-087** | Interview record - Lynsey Thompson | None | |
| PX-088** | 1/12/2011 Email chain, subject SHOT guidance | None | |
| PX-089** | 1/13/2011 Email, subject 2011-01-13 AAC Org Chart changes (CONFIDENTIAL) | None | |
| PX-090** | 1/13/2011 Email chain, subject Signature Authority Request | None | |
| PX-091** | 1/13/2011 Email chain, subject RE: AAC Org Chart changes (CONFIDENTIAL) | None | |
| PX-092** | 1/14/2011 Email chain, subject SHOT guidance | None | |
| PX-093** | 1/14/2011 Email with attachment, subject Field Staffing Report | None | |
| PX-094** | 1/20/2011 letter to U.S. Department of State from Roger Mustian disclosing ITAR violation | None | |
| PX-095** | Email dated 1/20/11 from Roger Mustian to Gail Jewell re: AAC HR/Compliance person | None | |
| PX-096* | 1/24/2011 Email chain, subject Shot aar | Relevance - 401; Foundation - FRE 602-03, 701-02; Confusion - FRE 403. This document does not make it more probable that compliance issues existed at AAC and lacks foundation. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations. |
| PX-097* | 1/25/2011 Email chain, subject Signature Authority Request | Relevance - FRE 401. This email does not make it more probable | This document is relevant because it shows that Mustian is a |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | Responsible Person and that Love and Mustian have signatory authority as of January 2011. It also shows that as of January 25, 2011, neither Thompson nor Brittingham were authorized signatories for the AAC-Lawrenceville FFL (6236). This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-098** | 1/27/2011 Email chain, subject AAC compliance training | None | |
| PX-099** | 2/2/2011 Email chain, subject Training Feb 8 | None | |
| PX-100** | 2/2/2011 Email chain, subject Projects starting 1/31/11 | None | |
| PX-101* | E-mail from Lynsey Thompson to Drew Wolfe - February 2, 2011 9:00 p.m. | Cumulative - FRE 403. The information contained in this | Withdrawn. |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | exhibit is contained in other exhibits.  See PX-102. | |
| PX-102* | E-mail string from Lynsey Thompson to Drew Wolfe February 2, 2011 ending at 10:00 p.m. | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | Withdrawn. |
| PX-103** | 2/4/2011 Email regarding 2011-02-04 HR | None | |
| PX-104** | 2/5/2011 Email chain, subject 2011-02-05 HR complaint... | None | |
| PX-105** | 2/8/2011 Appointment regarding Updated: AAC Compliance Training | None | |
| PX-106** | 2/9/2011 Email, subject 2011-02-09 AAC investigation costs | None | |
| PX-107* | 2/10/2011 Email chain, subject PWS MK109 | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | | "cause" for Brittingham's termination. |
| PX-108** | 2/10/2011 Email chain, subject AAC HR Plan | None | |
| PX-109* | 2/14/2011 Email chain, subject Okuma.... | Relevance - FRE 401 - This email does not make it more probable that any defendant took any action to adversely affect AAC's EBITDA or projected EBITDA for the purpose of preventing AAC from achieving the earn out goals in the APA pertaining to EBITDA. | This document is relevant because it demonstrates the extent to which Brittingham had to raise issues related to and/or impacting the financial performance of AAC and, by extension, his contractual rights to the earn-out based on such performance under the APA. Brittingham raised issues regularly to protect his rights under the APA, and the evidence will show that his efforts were not well-received by management. It is also relevant to the issue of whether the EBITDA threshold for the earn-out under the APA would be met, and evidences financial records used in the computation of AAC's EBITDA. |
| PX-110* | 2/15/2011 Appointment, subject KB Bonus? | Relevance - FRE 401 - This calendar entry does not make it more probable that any defendant took any action to adversely affect AAC's EBITDA or projected EBITDA for the purpose of preventing | This document is relevant because it demonstrates the extent to which Brittingham had to raise issues related to bonuses calculated based on AAC EBITDA. Brittingham raised issues regularly to |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | AAC from achieving the earn out goals in the APA pertaining to EBITDA. | protect his rights, and the evidence will show that his efforts were not well-received by management. It is also relevant to the issue of whether the EBITDA threshold for the earn-out under the APA would be met, and evidences financial records used in the computation of AAC's EBITDA. |
| PX-111* | 2/16/2011 Email chain, subject New Equipment | Relevance - FRE 401 - This email entry does not make it more probable that any defendant took any action to adversely affect AAC's EBITDA or projected EBITDA for the purpose of preventing AAC from achieving the earn out goals in the APA pertaining to EBITDA. | This document is relevant because it demonstrates the extent to which Brittingham had to raise issues related to and/or impacting the financial performance of AAC and, by extension, his contractual rights to the earn-out based on such performance under the APA. Brittingham raised issues regularly to protect his rights under the APA, and the evidence will show that his efforts were not well-received by management. It is also relevant to the issue of whether the EBITDA threshold for the earn-out under the APA would be met, and evidences financial records used in the computation of AAC's EBITDA. |
| PX-112* | 2/16/2011 Email chain, | Relevance - FRE 401 - | This document is |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | subject New Equipment | This email entry does not make it more probable that any defendant took any action to adversely affect AAC's EBITDA or projected EBITDA for the purpose of preventing AAC from achieving the earn out goals in the APA pertaining to EBITDA. | relevant because it demonstrates the extent to which Brittingham had to raise issues related to and/or impacting the financial performance of AAC and, by extension, his contractual rights to the earn-out based on such performance under the APA.  Brittingham raised issues regularly to protect his rights under the APA, and the evidence will show that his efforts were not well-received by management. It is also relevant to the issue of whether the EBITDA threshold for the earn-out under the APA would be met, and evidences financial records used in the computation of AAC's EBITDA. |
| PX-113* | 2/18/2011 Email chain, subject 2011-02-18 AAC Sound meter... | Relevance - FRE 401 - This email entry does not make it more probable that any defendant took any action to adversely affect AAC's EBITDA or projected EBITDA for the purpose of preventing AAC from achieving the earn out goals in the APA pertaining to EBITDA. | This document is relevant because it demonstrates the extent to which Brittingham had to raise issues related to and/or impacting the financial performance of AAC and, by extension, his contractual rights to the earn-out based on such performance under the APA.  Brittingham raised issues regularly to protect his rights under the APA, and the |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | | evidence will show that his efforts were not well-received by management. It is also relevant to the issue of whether the EBITDA threshold for the earn-out under the APA would be met, and evidences financial records used in the computation of AAC's EBITDA. |
| PX-114** | 2/18/2011 Email chain, subject Kevins inventory | None | |
| PX-115** | 2/18/2011 Email chain, subject KB and ATF Audit | None | |
| PX-116* | 2/18/2011 Email chain, subject AAC Sound meter... | Relevance - FRE 401 - This email entry does not make it more probable that any defendant took any action to adversely affect AAC's EBITDA or projected EBITDA for the purpose of preventing AAC from achieving the earn out goals in the APA pertaining to EBITDA. | This document is relevant because it demonstrates the extent to which Brittingham had to raise issues related to and/or impacting the financial performance of AAC and, by extension, his contractual rights to the earn-out based on such performance under the APA. Brittingham raised issues regularly to protect his rights under the APA, and the evidence will show that his efforts were not well-received by management. It is also relevant to the issue of whether the EBITDA threshold for the earn-out under the APA would be met, and evidences financial records used in the |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | | computation of AAC's EBITDA. |
| PX-117* | 2/18/2011 Email chain, subject AAC Sound meter... | Relevance - FRE 401 - This email entry does not make it more probable that any defendant took any action to adversely affect AAC's EBITDA or projected EBITDA for the purpose of preventing AAC from achieving the earn out goals in the APA pertaining to EBITDA. | This document is relevant because it demonstrates the extent to which Brittingham had to raise issues related to and/or impacting the financial performance of AAC and, by extension, his contractual rights to the earn-out based on such performance under the APA.  Brittingham raised issues regularly to protect his rights under the APA, and the evidence will show that his efforts were not well-received by management. It is also relevant to the issue of whether the EBITDA threshold for the earn-out under the APA would be met, and evidences financial records used in the computation of AAC's EBITDA. |
| PX-118** | 218/2011 Email, subject atf audit... | None | |
| PX-119* | Email chain dated 2/23/2011 from Wagoner to Thompson, Subject: Bound Book | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | | were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-120* | 2/24/2011 Email chain, subject Consignment Inventory RE-verification | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-121** | Email dated 2/25/11 from Gail Jewell to Roger Mustian re: HR/Compliance Interviews for AAC | None | |
| PX-122** | 2/27/2011 Email chain, subject  Pls call me re atf audit of kb license tomorrow | None | |
| PX-123** | 2/28/2011 Email, no subject | None | |
| PX-124* | First Amended and Restated Employment Agreement - | Relevance - FRE 401. Defendants have | This document is relevant because Cofield |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | Lynsey Thompson | produced a fully executed Thompson First Amended and Restated Employment Agreement. | testified that the Thompson First Amended and Restated Employment Agreement was not signed by the company and because Thompson received this document, not a fully executed version. |
| PX-125** | 3/1/2011 Acknowledgment signed by Lynsey Thompson | None | |
| PX-126** | First Amended and Restated Employment Agreement - Kevin Brittingham | None | |
| PX-127** | Acknowledgement signed by Kevin Brittingham 3/3/2011 | None | |
| PX-128** | Email, subject RE: Advanced Armament Corp Voluntary Disclosure Follow Up | None | |
| PX-129* | 3/3/2011 Email & attachment, subject Transfers | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| PX-130** | Email, subject 2011-03-04 AAC memo to K Brittingham | None | |
| PX-131* | Email & attachment dated 3/4/2011 from Thompson to Wagoner, Subject: FFL's and SOT's | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-132** | 3/5/2011 Email & attachment, subject Acquisition transfers needed | None | |
| PX-133** | 3/7/2011 Appointment regarding Interview with Jerrie Jackson - HR/Compliance AAC | None | |
| PX-134** | 3/8/2011 Email chain, subject Need Approval: COS AAC HRCompliance Specialist 001 | None | |
| PX-135* | Email chain dated 3/28/2011 from Wagoner to Thompson, Subject: bound book | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | probationary period were registered to another FFL holder. | Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-136* | Email dated 3/28/2011 from Thompson to R. Miller, B. Turner, & Love, Subject: Bound Book | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-137* | Email dated 3/29/2011 from Wagoner to Thompson, Subject: Bound book update | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | probationary period were registered to another FFL holder. | Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-138* | 3/30/2011 Email chain, subject Information needed - Annual ATF Manufacturers Report | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the company's challenges with same, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-139* | 3/30/2011 Email chain, subject AAC Security costs recovery | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were | This document is relevant because it demonstrates the extent to which Brittingham had to raise issues related to and/or |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | on AAC's premises during the time of his probationary period were registered to another FFL holder. This email does not make it more probable that any defendant took any action to adversely affect AAC's EBITDA or projected EBITDA for the purpose of preventing AAC from achieving the earn out goals in the APA pertaining to EBITDA. | impacting the financial performance of AAC and, by extension, his contractual rights to the earn-out based on such performance under the APA. Brittingham raised issues regularly to protect his rights under the APA, and the evidence will show that his efforts were not well-received by management. This document is relevant to the issue of whether the EBITDA threshold for the earn-out under the APA would be met, and evidences financial records used in the computation of AAC's EBITDA. |
| PX-140* | Email chain dated 4/1/2011 from Thompson to Love, Subject: ATF's manufacture request | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | | termination. |
| PX-141* | 4/6/2011 Email chain, subject  ATF Report | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-142* | 4/8/2011 Email, subject AAC incentive compensation follow-up | Relevance - FRE 401 - This email does not make it more probable that any defendant took any action to adversely affect AAC's EBITDA or projected EBITDA for the purpose of preventing AAC from achieving the earn out goals in the APA pertaining to EBITDA. | This document is relevant to the issue of whether the EBITDA threshold for the earn-out under the APA would be met, and evidences financial records used in the computation of AAC's EBITDA. It shows that the computation of EBITDA was to be based on intercompany sales and also shows amounts of increased bonuses. |
| PX-143* | 4/12/2011 Email chain, subject MP9 | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to | This document is relevant because it evidences company activities and responsibilities related |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-144* | 5/5/2011 Email, subject Legal Entity Restructuring (PLEASE READ) | Relevance - FRE 401 - The hypotheticals discussed in this email do not relate to the decision to terminate Brittingham or the reasons for same. | The document is relevant because it shows that the plan was to make a change to the company which would significantly affect contractual rights.  The stated objection also assumes facts not in evidence and is speculative. |
| PX-145* | FFL transfer forms with handwritten notes, various dates | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. Handwriting is hearsay | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | | the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination.  Kathy Love is named as a witness and therefore the handwriting is not hearsay.  Fed. R. Evid. 801(d)(1). |
| PX-146** | 5/26/2011 Email chain, subject action items yesterdays AAC mtg | None | |
| PX-147** | 5/27/2011 Email chain, subject Cutlip Pay Increase | None | |
| PX-148** | 6/13/2011 Email chain, subject former FBI candidate for AAC | None | |
| PX-149** | 6/14/2011 Appointment, subject Tentative: Compliance Specialist AAC - John Stevens | None | |
| PX-150* | 6/14/2011 Email & attachment, subject form 3 | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | | termination. |
| PX-151** | 6/14/2011 Appointment, subject Compliance Specialist AAC Interview John Stevens | None | |
| PX-152** | 6/15/2011 appointment, subject Round-Table Discussion John Stevens - Compliance AAC Interview | None | |
| PX-153** | 6/15/2011 Email chain, subject 9 am roundtable | None | |
| PX-154** | 7/21/2011 Email chain, subject John Stevens | None | |
| PX-155* | 6/21/2011 Email chain, subject June Forecast | Relevance - FRE 401. This email does not make it more probable that any defendant took any action to adversely affect AAC's EBITDA or projected EBITDA for the purpose of preventing AAC from achieving the earn out goals in the APA pertaining to EBITDA. | This document is relevant because it shows that AAC was going to miss its financial numbers as of June 21, 2011, evidences that FGI was in financial trouble, and evidences Nardelli's motivations. |
| PX-156** | 6/30/2011 Email chain, subject  Performance Evaluation... | None | |
| PX-157** | 6/30/2011 Email chain, subject Performance Evaluation... | None | |
| PX-158** | Draft of Advanced Armament Corp., LLC Services Agreement with John Stevens | None | |
| PX-159** | Advanced Armament Corp., LLC Services Agreement with John Stevens | None | |
| PX-160** | Curriculum Vitae for John Stevens | None | |
| PX-161** | 8/1/11 Email chain, subject Kevin | None | |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| PX-162** | 8/1/2011 Email chain, subject Thur mtg | None | |
| PX-163** | 8/1/2011 Email chain, subject Adaptor/Pistons | None | |
| PX-164** | 8/2/2011 Appointment regarding Discussion W/Blystone/Blackwell/Schauble/Brittingham | None | |
| PX-165** | 8/2/2011 Email with attachment, subject Consulting Agreement | None | |
| PX-166** | 8/8/2011 Email chain, subject Stevens | None | |
| PX-167** | 8/9/2011 Email, subject AAC Compliance Specialist Original 08-11 | None | |
| PX-168** | 8/16/2011 Email, subject Fingerprint Cards, Passport Photo, US Certification | None | |
| PX-169** | 8/18/2011 Email, subject AAC Update - John Stevens | None | |
| PX-170* | 8/31/2011 Email, subject Remington RP Update | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder | This document shows that the Responsible Person changed on August 31, 2011. |
| PX-171* | Email chain dated 9/6/2011 from Wolfe to Love, (No Subject) | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | | they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-172* | 9/6/2011 Email chain, no subject | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. Cumulative and duplicative of PX-172. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination.  This document is directly relevant to the transfers of machine guns under the APA. |
| PX-173* | 9/6/2011 Email, subject Silencer on this list for Kathy to transfer from Old AAC to Current AAC | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | probationary period were registered to another FFL holder. | Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-174* | 9/6/2011 Email chain, no subject | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. Cumulative and duplicative of PX-172. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination.  This document shows that the transfers were still in progress as of September 6, 2011. This document is not cumulative or duplicative; rather, it is a variant thread of an |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | | email chain. |
| PX-175* | 9/14/2011 Email chain, subject AAC add-backs | Relevance - FRE 401. This email does not make it more probable that any defendant took any action to adversely affect AAC's EBITDA or projected EBITDA for the purpose of preventing AAC from achieving the earn out goals in the APA pertaining to EBITDA. | This document is relevant to the issue of whether the EBITDA threshold for the earn-out under the APA would be met, and evidences financial records used in the computation of AAC's EBITDA. It also shows that a full-time corporate compliance hire was needed in addition to Stevens as of September 14, 2011. |
| PX-176** | AAC Storage list (Firearms being held at AAC location for Kevin Brittingham, to be picked up) | None | |
| PX-177** | AAC Armory Firearms Log - color-coded Knox list | None | |
| PX-178** | Spreadsheet titled Storage List (Firearms being held at AAC location for Kevin Brittingham, to be transferred from AAC inc. to AAC LLC) | None | |
| PX-179** | Handwritten list prepared by Knox Williams | None | |
| PX-180** | Email 10/5/2011 chain, subject John Stephens | None | |
| PX-181** | Documents produced by Jason Schauble at his deposition, serialized purchased product flow and others | None | |
| PX-182** | Email chain dated 10/13/2011 from Wolfe to Love, Subject: silent island | None | |
| PX-183** | 10/13/2011 Email chain, subject silent island | None | |
| PX-184** | 10/13/2011 Email chain, subject silent island | None | |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| PX-185** | Email dated 10/13/2011 from Love to Stevens, Subject: FFL's | None | |
| PX-186** | 10/17/2011 Email chain, subject Unaccounted Photo Shoot Silencers | None | |
| PX-187** | Email chain dated 10/19/2011 from Love to Thompson, Subject: guns | None | |
| PX-188** | Email & attachment dated 10/20/2011 from Stevens to Love, Subject: SOP Attachment: Redacted Sample SOP-1.doc | None | |
| PX-189* | Email chain dated 10/26/2011 from Love to R. Miller, Subject: ATF application | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-190* | 10/26/2011 Email, attaching Full bound book.xlsx | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | probationary period were registered to another FFL holder. | Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-191** | 10/27/2011 Email, subject Gun Audit | None | |
| PX-192* | Email chain dated 10/31/2011 from Love to Williams, Subject: Remington owns these. They are not on the correct FFL | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-193** | 10/31/2011 Email chain, subject Gun Audit | None | |
| PX-194* | Email chain dated 11/1/2011 from Love to Wolfe, (No Subject) | Relevance - FRE 401. This email does not make it more probable that the guns identified | This document is relevant because it evidences company activities and |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-195* | Email chain dated 11/2/2011 from Love to Thompson, Subject: UK suppressor order-RIFLECRAFT-PO#2934-SO19488 | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-196* | 11/3/2011 Email chain, subject Gun List | Cumulative - FRE 403. Duplicative of PX-197. | Withdrawn. |
| PX-197* | Email dated 11/3/2011 from | Relevance - FRE 401. | This document is |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | Wolfe to Love & Williams, Subject: Gun List | This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-198* | 11/4/2011 Email chain, subject John Stephens | Relevance - FRE 401. This email does not make it more probable that any defendant took any action to adversely affect AAC's EBITDA or projected EBITDA for the purpose of preventing AAC from achieving the earn out goals in the APA pertaining to EBITDA. | This document is relevant to the issue of whether the EBITDA threshold for the earn-out under the APA would be met, and evidences financial records used in the computation of AAC's EBITDA. It references a list of items to be considered in computing EBITDA. |
| PX-199** | 11/4/2011 Email chain, subject  AAC leadership and 2012 | None | |
| PX-200** | Email dated 11/4/2011 from Williams to Love, Wolfe, & Stevens; Subject: Gun List Attachment: Copy of Full bound book - from Allison.xlsx | None | |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| PX-201** | 10/31/2011 Email chain, subject Gun Audit | None | |
| PX-202** | 11/7/2011 Email chain, subject Gun List | None | |
| PX-203** | 11/9/2011 Email chain, subject Compliance guy… | None | |
| PX-204** | 11/9/2011 Email, subject Compliance Specialist at AAC | None | |
| PX-205** | 11/9/2011 Email chain, subject Compliance... | None | |
| PX-206* | 11/9/2011 Email chain, subject sales/business development rep positions... | Relevance - FRE 401. This email does not make it more probable that any defendant took any action to adversely affect AAC's EBITDA or projected EBITDA for the purpose of preventing AAC from achieving the earn out goals in the APA pertaining to EBITDA. | This document is relevant because it demonstrates the extent to which Brittingham had to raise issues related to and/or impacting the financial performance of AAC and, by extension, his contractual rights to the earn-out based on such performance under the APA. Brittingham raised issues regularly to protect his rights under the APA, and the evidence will show that his efforts were not well-received by management. This document is relevant to the issue of whether the EBITDA threshold for the earn-out under the APA would be met, and evidences financial records used in the computation of AAC's EBITDA. |
| PX-207* | 11/9/2011 Email chain, subject sales/business development rep positions... | Cumulative. Duplicative of PX-206. | Withdrawn. |
| PX-208* | 11/9/2011 Email chain, | Relevance - FRE 401. | This document is |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | subject this... | This email does not make it more probable that any defendant took any action to adversely affect AAC's EBITDA or projected EBITDA for the purpose of preventing AAC from achieving the earn out goals in the APA pertaining to EBITDA. | relevant because it demonstrates the extent to which Brittingham had to raise issues related to and/or impacting the financial performance of AAC and, by extension, his contractual rights to the earn-out based on such performance under the APA. Brittingham raised issues regularly to protect his rights under the APA, and the evidence will show that his efforts were not well-received by management. This document is relevant to the issue of whether the EBITDA threshold for the earn-out under the APA would be met, and evidences financial records used in the computation of AAC's EBITDA. |
| PX-209* | 11/9/2011 Email chain, subject Schedule | Relevance - FRE 401. This email does not make it more probable that any defendant took any action to adversely affect AAC's EBITDA or projected EBITDA for the purpose of preventing AAC from achieving the earn out goals in the APA pertaining to EBITDA. | This document is relevant because it demonstrates the extent to which Brittingham had to raise issues related to and/or impacting the financial performance of AAC and, by extension, his contractual rights to the earn-out based on such performance under the APA. Brittingham raised issues regularly to protect his rights under the APA, and the |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | | evidence will show that his efforts were not well-received by management. This document is relevant to the issue of whether the EBITDA threshold for the earn-out under the APA would be met, and evidences financial records used in the computation of AAC's EBITDA. |
| PX-210* | Email chain dated 11/10/2011 from Love to Stevens, Subject: AAC Status | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-211* | 11/11/11 Email chain, subject 300 BLK 115gr UMC Load | Relevance - FRE 401. This email does not make it more probable that any defendant took any action to adversely affect AAC's EBITDA or projected EBITDA for the purpose of | This document is relevant because it demonstrates the extent to which Brittingham had to raise issues related to and/or impacting the financial performance of AAC and, by extension, his |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | preventing AAC from achieving the earn out goals in the APA pertaining to EBITDA. | contractual rights to the earn-out based on such performance under the APA.  Brittingham raised issues regularly to protect his rights under the APA, and the evidence will show that his efforts were not well-received by management. This document is relevant to the issue of whether the EBITDA threshold for the earn-out under the APA would be met, and evidences financial records used in the computation of AAC's EBITDA. |
| PX-212** | 11/11/2011 Email, subject Knox is quitting AAC | None | |
| PX-213** | 11/11/2011 Email chain, subject Knox is quitting AAC | None | |
| PX-214** | 11/14/2011 Email, subject Stevens | None | |
| PX-215* | 11/14/2011 Email chain with attachment, subject Gun List | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | | of the parties, including whether Defendants had "cause" for Brittingham's termination.  This document also indicates that the spreadsheet created by Williams is unreliable. |
| PX-216* | Email & attachment dated 11/14/2011 from foreverthankful@comcast.net to Love, Subject: gun list Attachment: gun list.xlsx | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-217** | 11/16/2011 Email chain, subject Re: Sales org mtg fri am | None | |
| PX-218** | 11/16/2011 Email chain, subject Sales org mtg fri am | None | |
| PX-219** | 11/17/2011 Email chain, subject Can u do this AAC as a call tomorrow ? | None | |
| PX-220** | 11/18/2011 Email, subject AAC flashpoints | None | |
| PX-221* | 11/21/2011 Email chain, subject DBA and Oakpointe | Relevance - FRE 401. This email does not make it more probable | This document is relevant because it evidences company |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-222** | 11/22/2011 Appointment regarding AAC compliance | None | |
| PX-223* | 11/27/2011 Appointment, subject Bound Book Issues | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-224** | 11/28/2011 Appointment | None | |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | regarding KB Performance Review | | |
| PX-225** | 11/28/2011 email from Stevens to Love attaching Federal Firearms Policy & Procedure September 2010 | None | |
| PX-226** | 11/28/2011 email attaching FGI policies | None | |
| PX-227** | 11/29/2011 Email chain, subject AAC | None | |
| PX-228** | 11/29/2011 Email chain, subject Kevin & Lynsey | None | |
| PX-229* | E-mail dated 11/30/11 from Jason Schauble to John Stevens re: Guns | Cumulative. Duplicate of PX-230 | This document is not duplicative of PX-230, and Defendants have not objected to PX-230. |
| PX-230** | 11/30/2011 Email, subject Guns | None | |
| PX-231** | 11/30/2011 Email chain, subject Guns | None | |
| PX-232* | Slides titled "Deal Summary: Asset Purchase Agreement" | Cumulative - FRE 403. | This document is not duplicative or cumulative with respect to another exhibit. |
| PX-233** | 12/1/2011 AAC Delegation of Authority - Allison Wolfe | None | |
| PX-234** | 12/1/2011 AAC Delegation of Authority - Kathy Love | None | |
| PX-235* | 12/2/2011 Email, subject Open Items | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | | are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-236* | Email chain dated 12/2/2011, (No Subject) | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-237** | Email chain dated 12/2/2011, Subject: Acquisition transfers needed.xlsx | None | |
| PX-238** | Email, subject RE: Acquisition transfers needed.xlsx | None | |
| PX-239** | 12/2/2011 Email, subject Update | None | |
| PX-240* | E-mail dated 12/4/2011 from Barnes to Thompson, Stevens, Love, Wolfe, and others, Subject: Open items | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were | This document is relevant because it evidences company activities and responsibilities related to compliance with |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | on AAC's premises during the time of his probationary period were registered to another FFL holder. Also irrelevant because law enforcement letters not needed to effectuate machine gun transfer. 22 C.F.R. § 479.105(f) | firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination.  Defendants also have attempted a selective disclosure of privileged information by producing this document.  The legal conclusion made in the objection also differs from the understandings of the witnesses contemporaneous with the events. |
| PX-241** | 12/5/2011 Email Chain, Subject: Nov AAC miss | None | |
| PX-242** | 12/5/2011 Email chain, subject Nov AAC miss | None | |
| PX-243** | 12/6/2011 Email, subject AOP 2011 JPS.pptx | None | |
| PX-244** | 12/6/2011 Email, subject AAC Compliance Investigation Report | None | |
| PX-245** | 12/7/2011 Email chain, subject Thoughts/Questions | None | |
| PX-246** | 12/8/2011 Email chain, subject Statement | None | |
| PX-247* | 12/8/2011 Email chain, subject AAC | Relevance - FRE 401; Confusion - FRE 403. Schauble's interpretation about | This document is relevant and unlikely to cause confusion because it shows the dates and |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | the provisions of the APA are not relevant and are not binding on AAC | subjects of termination discussion and factors considered in connection thereto.  The content of this document is not limited to an interpretation of the APA. |
| PX-248** | 12/9/2011 Email chain, subject AAC Plan | None | |
| PX-249** | 12/12/2011 Email, subject AAC Plan | None | |
| PX-250** | Email, subject Call in number for meetings | None (Duplicate of 251) | This document is not a duplicate of PX-251. |
| PX-251** | Email, subject Call in number for meetings | None | |
| PX-252** | 12/13/2011 Email chain, subject Call in number for meetings | None | |
| PX-253** | 12/13/2011 Email chain, subject Call in number for meetings | None | |
| PX-254** | 12/13/2011 Email, subject 2011-12-13 Follow-Up to AAC Conversation - Leader Position | None | |
| PX-255** | 12/13/2011 Email, subject Call in number for meetings | None | |
| PX-256** | 12/14/2011 Appointment regarding AAC Compliance Review/Timeline Discussion w/ OCEO | None | |
| PX-257* | 12/15/2011 Email, subject Signed Perf Evals | Relevance - 401.  The dates on which Schauble submitted performance evaluations for the individuals who reported to him have no bearing on whether there was cause to terminate Brittingham's or Thompson's | This document is relevant because shows Plaintiffs' performance of duties under their contracts immediately prior to their termination.  It also evidences when the decision to terminate was made. |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | employment. | |
| PX-258** | 12/19/2011 Email chain, subject Resignation | None | |
| PX-259** | 12/19/2011 Email chain, subject Resignation | None | |
| PX-260** | 12/19/2011 Email, subject Resignation | None | |
| PX-261** | 12/19/2011 Email chain, subject AAC Update | None | |
| PX-262** | 12/19/2011 Email chain, subject AAC Update | None | |
| PX-263** | 12/19/2011 Email chain, subject Para | None (Duplicate of PX-267) | This document is not a duplicate of PX-267. |
| PX-264** | 12/19/2011 Email chain, subject Para | None | |
| PX-265** | 12/19/2011 Email chain, subject 2011-12-19 Thanks for trying to talk to Jason | None | |
| PX-266* | Email chain & attachment dated 12/19/2011 from Love to G. Cox, Subject: Oakpointe Record Keeping 12-12-11.xlsx; image001.gif; image002.png | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-267* | 12/19/2011 Email chain, subject BOUND BOOK UPDATE | Relevance - FRE 401. This email does not make it more probable that the guns identified | This document is relevant because it evidences company activities and |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-268** | 12/19/2011 Appointment regarding FGI Compliance Committee Meeting: AAC Issue | None | |
| PX-269* | 12/20/2011 Email chain, subject Delay this morning | Relevance - FRE 401. This email does not relate in any way to the reasons for the decision to terminate Brittingham's or Thompson's employment. | This document is directly relevant to the termination of Thompson, who has testified that she feared she was to be terminated at the meeting referenced. The stated basis for the objection is not based on facts in evidence, is speculative, and should be reserved for closing argument. |
| PX-270* | 12/20/2011 Email chain, subject Our meeting today… | Relevance - FRE 401. This email does not relate in any way to the reasons for the decision to terminate Brittingham's or Thompson's employment. | This document is directly relevant to the termination of Brittingham.  The stated basis for the objection is not based on facts in evidence, is speculative, and should be reserved for closing argument.  It |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | | also goes to the credibility of Jackson and evidences plans with respect to Thompson. |
| PX-271* | 12/20/2011 Letter from John Stevens to ATF regarding transfer of silencers from Norcross to Lawrenceville licenses | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination.  This document shows that, as of December 20, 2011, the transfers were still in progress.  It also calls into question the credibility of Stevens with respect to his representation that AAC recently moved, and it shows the company's non-compliance with firearm laws and regulations. |
| PX-272* | 12/20/2011 Email chain, subject Our meeting today… | Contents of this exhibit are contained in PX-100.  Relevance - FRE 401.  This email | This document is not duplicative or cumulative with respect to PX-100.  It is an |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | does not relate in any way to the reasons for the decision to terminate Brittingham's or Thompson's employment. | entirely different document.  The stated basis for the objection assumes facts not in evidence, is speculative, and should be reserved for closing argument. This document is directly relevant to the termination of Brittingham. |
| PX-273** | 12/20/2011 Email chain, subject Sales org | None | |
| PX-274** | 12/21/2011 Brittingham termination letter | None | |
| PX-275** | 12/21/2011 Letter regarding Compliance with the Firearms Laws of the United States | None | |
| PX-276** | 12/21/2011 Appointment regarding Meet w/ Lynsey Thompson | None | |
| PX-277** | 12/21/2011 Appointment regarding Clean out KB desk/office/bathroom | None | |
| PX-278** | 12/21/2011 Appointment regarding Promotion Compliance position AAC - Corry | None | |
| PX-279** | FAQs Regarding Brittingham's Separation from the Company | None | |
| PX-280** | 12/23/2011 Memo from the Office of the CEO of FGI to the Board of Directors summarizing 2011 events. | None | |
| PX-281** | 2011 Performance Evaluation for Lynsey Thompson | None | |
| PX-282* | 1/3/2012 Email chain, subject NFRTR cover letter | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to | This document is relevant because it evidences company activities and responsibilities related |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-283* | Organizational Announcement memo directed to all Freedom Group employees, 1/5/12 | Relevance - FRE 401. Jackson's acceptance of the position of Chief Strategy and Acquisition Integration Officer did not relate in any way to the decision to terminate Brittingham and Thompson or the reasons for those decisions | Jackson's statements that the company can do better at integrating its acquisition targets is directly relevant to the claims and defenses of the parties, particularly given these statements were made shortly after Brittingham's termination. |
| PX-284** | 1/5/2012 Email chain, subject Silvers bump | None | |
| PX-285** | 1/7/2012 Email chain, subject Lynsey's Performance Review | None | |
| PX-286** | Transcription of hotline call | None | |
| PX-287** | 1/11/2012 Letter from Dana Rust to Scott Allen regarding Kevin Brittingham | None | |
| PX-288** | Receipt dated 1/12/12 | None | |
| PX-289** | 1/12/2012 Email chain, subject Ltr. To Scott Allen re: Kevin Brittingham | None | |
| PX-290** | 1/13/2012 Email chain, | None | |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | subject Rob Silvers | | |
| PX-291* | 1/14/2012 Email chain, subject inventory summary | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-292* | 1/17/2012 Board of Directors meeting presentation materials | Relevance - FRE 401. Only one page of this document, which is highly confidential, deals with AAC (REM070000095), and that page does not make it more probable that any defendant took any action to adversely affect AAC's EBITDA or projected EBITDA for the purpose of preventing AAC from achieving the earn out goals in the APA pertaining to EBITDA.  If the court allows any part of this exhibit to be received | This document is relevant because it shows FGI's financial condition relative to AAC's at the time of Plaintiffs' terminations. This document is relevant to the issue of whether the EBITDA threshold for the earn-out under the APA would be met, and evidences financial records used in the computation of AAC's EBITDA.  Defendants failed to follow the procedures for protection of confidential documents as set forth in the |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | in evidence, only pages REM070000063-64 and REM070000095 should be admitted. See also FRCP 26 and the Protective Order entered in this action | Protective Order, Section 3, which requires Defendants to produce for public use another copy of this document with the confidential information redacted. |
| PX-293** | 1/18/12 Email chain, subject How's lynsey doing ? | None | |
| PX-294* | Note outline for interview of Lynsey Thompson regarding hotline call | Cumulative - FRE 403.  The information contained in this exhibit is contained in other exhibits.  See PX-295. | This document (a script) is not the same document and does not have the same content as PX-295.  It is not cumulative. |
| PX-295** | 1/24/12 notes of interview with Lynsey Thompson regarding hotline call | None | |
| PX-296* | Thompson termination letter 1/24/2012 (unsigned) | Relevance - FRE 401.  Thompson's unsigned termination letter has no bearing on the validity of the termination decision. | This document is relevant because it shows that the company was prepared and had planned to terminate Thompson prior to the interview during which she was terminated. |
| PX-297** | Thompson termination letter 1/24/2012 (signed) | None | |
| PX-298** | 1/25/2012 Email chain, subject Agenda for next week | None | |
| PX-299** | 1/25/2012 Memo regarding AAC Hotline Call | None | |
| PX-300** | 1/26/2012 Email attaching AAC founder position description | None | |
| PX-301** | 1/26/2012 Email chain, subject you ok? | None | |
| PX-302** | 1/28/2012 Email chain, subject  AAC | None | |
| PX-303** | 1/28/2012 Email chain, subject  AAC | None | |
| PX-304** | 2/3/2012 letter from Dana | None | |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | Rust To Jason D'Cruz regarding Kevin Brittingham | | |
| PX-305** | 2/13/2012 Letter from Jason D'Cruz to Dana Rust regarding Kevin Brittingham | None | |
| PX-306** | 2/13/2012 Letter from Jason D'Cruz to Dana Rust regarding Lynsey Thompson | None | |
| PX-307** | 2/13/2012 Letter from Jason D'Cruz to Dana Rust regarding Kevin Brittingham | None | |
| PX-308** | 2/15/2012 letter from Dana Rust To Jason D'Cruz regarding Kevin Brittingham | None | |
| PX-309** | 2/15/2012 Email chain, subject AAC Matrix | None | |
| PX-310** | 2/17/2012 letter from Jason D'Cruz to Dana Rust regarding Kevin Brittingham | None | |
| PX-311** | 2/24/2012 letter from Jason D'Cruz to Dana Rust regarding Kevin Brittingham | None | |
| PX-312** | Federal firearms license for Kevin Brittingham sole proprietorship | None | |
| PX-313** | 3/22/2012 letter from Dana Rust To Jason D'Cruz regarding Kevin Brittingham | None | |
| PX-314** | 3/22/2012 letter from Dana Rust To Jason D'Cruz regarding Lynsey Thompson | None | |
| PX-315** | 4/24/2012 letter from Jason D'Cruz to Dana Rust regarding Kevin Brittingham | None | |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| PX-316** | 4/24/2012 letter from Jason D'Cruz to Dana Rust regarding Lynsey Thompson | None | |
| PX-317** | 5/3/2012 letter from Dana Rust To Jason D'Cruz regarding Kevin Brittingham, with attachments | None | |
| PX-318** | 5/17/2012 letter from Dana Rust To Jason D'Cruz regarding Kevin Brittingham | None | |
| PX-319* | 6/17/2012 Email chain, subject AAC SERIAL NUMBER FORMATS | Hearsay - FRE 802; Foundation - 602-03, 701-02; Relevance - FRE 401.  Miller's comments are hearsay and there is no witness who is testifying at the trial who can lay any foundation as to this document.  This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | Withdrawn. |
| PX-320** | 7/31/2012 letter from Dana Rust To Jason D'Cruz regarding Kevin Brittingham | None | |
| PX-321** | 8/13/2012 letter from the Department of State to Roger Mustian regarding previously disclosed ITAR violation | None | |
| PX-322** | 9/22/2012 Special Firearms Tax Registration and Return | None | |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | for Advanced Armament Corp. | | |
| PX-323** | 2013 Special Tax Stamp for Advanced Armament Corp. | None | |
| PX-324* | 12/3/2012 Email chain, subject NFA Form5 Issues And LE Test and Evals | Relevance - 401; Foundation - 602-03, 701-02. No foundation has been laid for this email. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | Withdrawn. |
| PX-325** | 1/31/2013 Email chain, subject SOT Filing Status Check for Client | None | |
| PX-326** | 2/14/2013 Letter from Jason D'Cruz to Dana Rust regarding litigation | None | |
| PX-327** | 4/15/2013 letter from Jason D'Cruz to Dana Rust regarding litigation | None | |
| PX-328* | 5/2/2011 Email attaching spreadsheet of vacation/holiday/sick leave used in 2011 | Relevance - FRE 401; Hearsay - FRE 802. The entire exhibit is hearsay. Thompson's purported holiday and sick time used as of May 2011 has no bearing on her claim for damages. This email does not make it more probable that AAC failed to pay Thompson any owed vacation time upon termination. | This document is relevant to Thompson's damages claim and computation of damages. The document is not hearsay (and would be subject to an exception if it was) because Thompson will be present at trial, and it is a business record produced by Defendants. Thompson has personal knowledge of this document and the contents therein, as do |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | | other witnesses.  In addition, Defendants did not produce later versions of this document, which were requested. |
| PX-329* | 1/30/2012 Email, subject Lynsey CPU search | Relevance - 401; Foundation - 602-03, 701-02.  No foundation has been laid for this email.  This email does not make it more probable that AAC failed to pay Brittingham or Thompson any owed vacation time upon termination. | This document is relevant because it evidences that AAC had no records regarding vacation and that after Thompson's termination her CPU was accessed. Thompson's CPU was not imaged or searched. Cofield authorized the review of the CPU for vacation time and will be available to lay further foundation for this document. |
| PX-330* | 3/9/2011 Email, with attached documents regarding Brittingham bonus | Relevance - 401.  The formula used to derive Brittingham's bonus for 2010 does not relate to the decision to terminate Brittingham's employment or the reasons for that decision.  It also has no bearing on AAC's EBITDA. | This document is relevant because it demonstrates the extent to which Brittingham had to raise issues related to bonuses. Brittingham raised issues regularly to protect his rights under the APA, and the evidence will show that his efforts were not well-received by management. This document is relevant to the issue of whether the EBITDA threshold for the earn-out under the APA would be met, and evidences financial records used in the computation of AAC's EBITDA. |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| PX-331* | 3/9/2011 Email, with attached documents regarding Thompson bonus | Relevance - 401. The formula used to derive Thompson's bonus for 2010 does not relate to the decision to terminate Thompson's or Brittingham's employment or the reasons for that decision. It also has no bearing on AAC's EBITDA. | This document is relevant because it demonstrates the extent to which Brittingham had to raise issues related to bonuses. The evidence will show that his efforts were not well-received by management. This document is also relevant to the issue of whether the EBITDA threshold for the earn-out under the APA would be met, and evidences financial records used in the computation of AAC's EBITDA. |
| PX-332* | Expert Report of John Dugan | Hearsay - 802. Where an expert is expected to testify at trial, his or her report is inadmissible hearsay and redundant. Granite Parterns, LP v. Merril Lynch, 2002 U.D. Dist. LEXIS 7535 (S.D.N.Y. Apr. 30, 2002) | Plaintiffs reserve the right to submit the direct of the expert by declaration/report if that is the preference of the Court. |
| PX-333* | Expert report of Carla Sklenka | Hearsay - 802. Where an expert is expected to testify at trial, his or her report is inadmissible hearsay and redundant. Granite Parterns, LP v. Merril Lynch, 2002 U.D. Dist. LEXIS 7535 (S.D.N.Y. Apr. 30, 2002) | Plaintiffs reserve the right to submit the direct of the expert by declaration/report if that is the preference of the Court. |
| PX-334* | Any Documents Listed in Appendix A to the Export | Inappropriate summary of | Appendix A specifically lists the materials upon |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | Report of Carla Sklenka | documents.  Appendix A to Sklenka's expert report lists more than 300 documents that she states she considered without describing the documents in any way. | which Ms. Sklenka relied by bates number and/or a description of the document. |
| PX-335** | 4/21/2013 Letter from Jason D'Cruz to Dana Rust regarding litigation | None | |
| PX-336** | List headed 14 AAC, LLC Post Sample Machine Guns | None | |
| PX-337* | Handwritten Notes by Steve Jackson, undated | Hearsay - FRE 802 | This document is subject an exception to the hearsay rule because this document is the recorded recollection of Steve Jackson, who will be present at trial.  Fed. R. Evid. 803.  The document may also qualify as an admission of a party opponent, which is not hearsay pursuant to Fed. R. Evid. 801(d)(2). |
| PX-338** | Freedom Group, Inc. Compliance and Safety Committee Charter | None | |
| PX-339* | Email, subject Acquisition transfers needed.xlsx | Relevance - FRE 401. This email does not make it more probable that the guns identified as belonging to Brittingham that were on AAC's premises during the time of his probationary period were registered to another FFL holder. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book. Further, what firearms were where, how long they were there, why they were there, and |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | | who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for Brittingham's termination. |
| PX-340** | Gun list, undated | None | |
| PX-341** | Federal Firearms license for Advanced Armament Corp., Norcross location | None | |
| PX-342** | Federal Firearms License for Kevin Advanced Armament Corp. | None | |
| PX-343** | Federal Firearms License for Kevin Brittingham sole proprietorship | None | |
| PX-344** | CD, bound book for Kevin Brittingham sole proprietorship firearms license | None | |
| PX-345** | Bound book for Random Ventures, Excel format | None | |
| PX-346* | Bound book for AAC, Excel format | Relevance - 401; Protected by Protective Order - FRCP 26.  This document, which is confidential and proprietary, has been designated as Confidential under the protective order and must be treated in accordance with that order.  This document in its entirety is not relevant, especially with respect to firearms that are not at issue in this litigation. | This document is relevant because it evidences company activities and responsibilities related to compliance with firearms laws and regulations, the Bound Book, and inaccuracies in the Bound Book.  Further, what firearms were where, how long they were there, why they were there, and who brought them there are directly relevant to the claims and defenses of the parties, including whether Defendants had "cause" for |

| Exhibit Number | Description | Objections | Response to Objections |
|---|---|---|---|
| | | | Brittingham's termination.  This document may be sealed by the Court, if necessary and appropriate, and redacted copies were not provided by Defendants as required by Section 3 of the Protective Order. |
| PX-347** | 2011 Balance Sheet | None | |
| PX-348** | 2011 EBITDA ADDBACKS | None | |
| PX-349** | 2011 Income Statement | None | |
| PX-350** | 2012 Balance Sheet | None | |
| PX-351** | 2012 EBITDA ADDBACKS | None | |
| PX-352** | 2012 Income Statement | None | |
| PX-353** | 2013 AAC Addbacks | None | |
| PX-354** | 2013 Balance Sheet | None | |
| PX-355** | 2013 Budget | None | |
| PX-356** | 2013 Income Statement | None | |
| PX-357** | AAC Fixed assets at 03 31 13 | None | |
| PX-358** | AAC IC Sales (Q1 2013, 2012, 2011) | None | |
| PX-359* | Documentation of attorneys' fees and litigation expenses incurred to date | Relevance - 401. There is no attorneys' fees provision in the APA. | This document is relevant because the APA does, in fact, contain an attorneys' fees provision. |
| PX-360* | Documentation of costs incurred by Kevin Brittingham related to pursuit of his claims | Relevance - 401.  Any such documentation should only be considered as a part of a bill of costs. | This document is relevant to Brittingham's damages flowing from Defendants' breach of contract and is not limited to a bill of costs. |
| PX-361* | Documentation of costs incurred by Lynsey Thompson related to pursuit of her claims | Relevance - 401.  Any such documentation should only be considered as a part of a bill of costs. | This document is relevant to Thompson's damages flowing from Defendants' breach of contract and is not limited to a bill of costs. |

**Defendants' Exhibits:**

**Key Applicable to Evidentiary Objections that Plaintiffs Provided Defendants
with Plaintiffs' Objections to Defendants' Trial Exhibits**

| Key | Objection | Authority |
|-----|-----------|-----------|
| 1. | Protected By Protective Order/Trade Secrets | Fed. R. Civ. P. 26 |
| 2. | Inappropriate Use Of Deposition Testimony | Fed. R. Civ. P. 32; Fed. R. Civ. P. 43 |
| 3. | Entire Document Should Be Admitted | Fed. R. Evid. 106 |
| 4. | Relevancy | Fed. R. Evid. 401 |
| 5. | Confusion, Prejudice | Fed. R. Evid. 403 |
| 6. | Offers Of Compromise/Settlement Negotiations | Fed. R. Evid. 408 |
| 7. | Privilege/Work Product | Fed. R. Evid. 501, 502 |
| 8. | Lacks Personal Knowledge/Speculation | Fed. R. Evid. 602 |
| 9. | Inappropriate Lay Witness Testimony | Fed. R. Evid. 701 |
| 10. | Inappropriate Expert Testimony | Fed. R. Evid. 702, 703 |
| 11. | Undisclosed Information Regarding Expert Testimony | Fed. R. Evid. 705 |
| 12. | Hearsay | Fed. R. Evid. 802 |
| 13. | Not Properly Authenticated | Fed. R. Evid. 901 |
| 14. | Best Evidence Rule | Fed. R. Evid. 1002 |
| 15. | Inappropriate Summary Of Documents | Fed. R. Evid. 1006 |
| 16. | Lack of Foundation | Fed. R. Evid. 602-03, 701-02 |
| 17. | Not disclosed/produced in discovery | Fed. R. Civ. P. 26 |
| 18. | Documents not properly produced; documents marked at deposition but not produced | Fed. R. Civ. P. 34(b)(2) |
| 19. | Notice of subpoena not served/documents not produced | Fed. R. Civ. P. 45 |
| 20. | Documents withheld from production; documents offered at trial but logged as privileged | Fed. R. Civ. P. 34; Fed. R. Evid. 501, 502 |

Plaintiffs state that this Key to Evidentiary Objections is provided to supply a concise explanation of their objections, basis, and legal support for same per the Court's Individual Practices.  Defendants did not object to use of this key at the time the parties exchanged objections.

Defendants state that all of Plaintiffs' objections to Defendants' trial exhibits are invalid because they do not include any explanation in support of the objections in accordance with the Court's Individual Practices.

Plaintiffs incorporate by reference any arguments made in support of their Motion in Limine.

Defendants also incorporate by reference any arguments Defendants will make in opposition to Plaintiffs' motion in limine that address exhibits to which Plaintiffs have objected below.

Defendants' arguments in response to Plaintiffs' Motion in Limine are not limited to the responses set forth below.

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| DX-001* | Certificates for Freedom Group Formation, Conversion, Incorporation, Merger, Correction, Amendment | 4 | This exhibit is relevant because it shows the corporate structure of The Freedom Group. |
| DX-002* | Thompson 2009 Tax Forms | 1, 4, 16 | Defendants are willing to redact any personal identifiers contained in DX-2. Thus, Plaintiffs' objection under FRCP 26 is moot. Defendants can lay appropriate foundation at trial through examination of Thompson and others. This exhibit is relevant because it demonstrates the substantial consideration Thompson received in exchange for the restrictive covenants she entered into with AAC. Thompson's testimony as to her income in her deposition was vague. |
| DX-003* | Brittingham Employment Application | 1 | Defendants are willing to redact personal identifiers contained in DX-3. Thus, Plaintiffs' objection |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | | | under FRCP 26 is moot. |
| DX-004* | Thompson Employment Application | 1 | Defendants are willing to redact personal identifiers contained in DX-4.  Thus, Plaintiffs' objection under FRCP 26 is moot. |
| DX-005** | Certificate of Formation of AAC Acquisitions LLC | | |
| DX-006** | Limited Liability Company Agreement of AAC Acquisitions LLC | | |
| DX-007* | Project Silent:  AAC Transition Plan (ppt) | 1 | Defendants consent to this document being made public and used at trial.  Thus, Plaintiffs' objection under FRCP 26 is moot. |
| DX-008** | AAC Integration Meeting Notice | | |
| DX-009** | Asset Purchase Agreement | | |
| DX-010** | Brittingham Employment Agreement | | |
| DX-011** | General Assignment and Bill of Sale | | |
| DX-012** | Personal Goodwill Acquisition Agreement | | |
| DX-013** | Thompson Employment Agreement | | |
| DX-014* | Computer Network Policy signed by Brittingham | 4, 16 | This document is relevant because Defendants will be able to show Brittingham's blatant disregard for AAC's computer use policies by co-mingling personal and business data on his personal Mac computer and Defendants can lay appropriate foundation at trial through examination of Brittingham and others.   This evidence will be probative of Brittingham's intent to adhere to Company policies, particular with respect to compliance. |
| DX-015* | Computer Network Policy signed by Thompson | 4, 16 | This document is relevant because Defendants will be able to show that Thompson downloaded thousands of files |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | | | and emails belonging to AAC in violation of this policy before her employment was terminated and Defendants can lay the appropriate foundation at trial. This after acquired evidence also demonstrates that Thompson was properly terminated for cause. |
| DX-016* | Proprietary Information Protection Plan signed by Thompson | 4, 16 | This document is relevant because Defendants will be able to show that Thompson downloaded thousands of files and emails belonging to AAC in violation of this plan before her employment was terminated and Defendants can lay the appropriate foundation at trial. This after acquired evidence also demonstrates that Thompson was properly terminated for cause. |
| DX-017** | Receipt of Employee Reference Manual signed by Brittingham | | |
| DX-018** | Receipt of Employee Reference Manual signed by Thompson | | |
| DX-019** | Thompson New Hire Orientation Checklist | | |
| DX-020* | Confidentiality Statement signed by Thompson | 4, 16 | This document is relevant because Defendants will be able to show that Thompson downloaded thousands of files and emails belonging to AAC in violation of this statement before her employment was terminated and Defendants can lay the appropriate foundation at trial. This after acquired evidence also demonstrates that Thompson was properly terminated for cause. |
| DX-021** | Employee Reference Manual | | |
| DX-022* | Certificate of Amendment of AAC Acquisitions LLC | 4 | This document is relevant because it demonstrates  the |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | - Change of Name | | ownership history of AAC. |
| DX-023** | Email from Mustian to Trevor Shaw re Lynsey workload re compliance | | |
| DX-024** | Email from Thompson to Mustian re NFA Firearms Class | | |
| DX-025* | Thompson 2010 Tax Forms | 4, 16 | Defendants are willing to redact any personal identifiers contained in DX-25. Thus, Plaintiffs' objection under FRCP 26 is moot. Defendants can lay appropriate foundation at trial through examination of Thompson and others. This exhibit is relevant because it demonstrates the substantial consideration Thompson received in exchange for the restrictive covenants she entered into with AAC. Thompson's testimony as to her income in her deposition was vague. |
| DX-026* | Email from Thompson to Brittingham re mechanics of mistake | 4, 5, 16 | Defendants can lay appropriate foundation at trial through examination of Brittingham and others. This document is relevant because it shows Brittingham's carelessness when it comes to adhering to federal firearms laws and regulations, and thus, it is not prejudicial. |
| DX-027* | Email from Thompson to Paul James re TSA letter | 4, 5, 16 | Defendants can lay appropriate foundation at trial through examination of Brittingham and others. This document is relevant because it shows Brittingham's carelessness when it comes to adhering to federal firearms laws and regulations, and thus, it is not prejudicial. |
| DX-028 | Letter from Paul James to Pulaski County Prosecuting Attorney re | 4, 5, 12, 13, 16 | Defendants can lay appropriate foundation at trial through examination of Brittingham and |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | Brittingham TSA matter | | others.  This document is relevant because it shows Brittingham's carelessness when it comes to adhering to federal firearms laws and regulations, and thus, it is not prejudicial.   It is also a statement made by Brittingham, and is not hearsay.  FRE 801(d)(2) |
| DX-029** | Email from Mustian to Lessard re segregation of firearms | | |
| DX-030** | Thompson 2010 Incentive Compensation Plan Objectives | | |
| DX-031** | Brittingham Expense Report | | |
| DX-032** | Email from Thompson to Mustian re New FFL Lawrenceville | | |
| DX-033** | Email from Mustian to Allison re Form 3s | | |
| DX-034** | Brittingham Expense Report | | |
| DX-035* | FGI - Federal Firearms Policy & Procedure | 4, 16 | FGI is the parent company of AAC.  Policies FGI adopts that are applicable to AAC, including this one regarding compliance, are relevant in this action. Defendants can lay appropriate foundation at trial through examination of its witnesses. |
| DX-036** | Code of Conduct Training for All employees signed by Thompson | | |
| DX-037 | Email from Watson to Brittingham - Maxim items | 4, 5, 13 | Company witnesses can authenticate this document at trial and it is relevant as to whether Brittingham adhered to federal firearms laws while employed at AAC.  It is also relevant as to the reasons for Brittingham's suspension.  The facts that led to the suspension are not privileged. This email is not prejudicial. |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| DX-038** | Email from Wagoner to Mustian attaching S/N that are still on Norcross FFL | | |
| DX-039** | AAC Org Chart | | |
| DX-040* | Email from Thompson to Selece Jones re Insurance for 1.5M in guns | 4, 8, 16 | Thompson can lay the appropriate foundation at trial that Brittingham's gun collection is valuable and that she has represented that it is worth approximately $1.5 mm. Thompson's communications were not speculative and were made to obtain insurance.  This testimony is relevant because it demonstrates the size and magnitude of his collection and efforts that one should take to secure and keep track of such a valuable asset |
| DX-041* | Email from Gyure to Stafford re Update | 4, 5 | Brittingham's action with respect to his expense reports is relevant to show his lack of intent to follow applicable company policy.  Plaintiffs have listed this document on their trial exhibit list. |
| DX-042* | Email from Mustian to Brittingham re Maxim Silencer | 4, 5 | Brittingham's actions with respect to the silencer are relevant to demonstrate that he violated AAC's policies and federal firearms law thereby leading to his suspension and probation, in addition to his intent to violate such policies.  The facts concerning Brittingham's suspension are also relevant. |
| DX-043** | Email from Schauble to Blystone re KB | | |
| DX-044** | Email from Schauble to Cofield re call with Brittingham regarding suspension | | |
| DX-045** | Email from Schauble to Brittingham & Thompson | | |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | re business impacts | | |
| DX-046** | Email from Cofield to Ronchi attaching Brittingham Goodwill Agreement | | |
| DX-047** | Email from Cofield to Ronchi attaching Hotline Compliance Information | | |
| DX-048** | Email from Cofield to Ronchi attaching personnel documents for Brittingham and Thompson | | |
| DX-049** | Email from Nardelli to Schauble regarding apology for way handled the situation | | |
| DX-050** | Email from Schauble to Mustian re Compliance Policy | | |
| DX-051** | Email from Ronchi to Cofield regarding AAC and suspension | | |
| DX-052** | Email from Ronchi to Cofield re titles | | |
| DX-053** | Email from Schauble to Thompson re terms for returning to work | | |
| DX-054 | Brittingham First Amended and Restated Employment Agreement | 4, 5, 13, 14, 16 | The parties' conduct clearly shows that they intended to be bound by the amended employment agreement and this is relevant to the litigation.  It is undisputed that Brittingham's salary was reduced, his title was changed, he was relieved of duties as Responsible Person, and he was required to attend compliance training as provided by his probationary documents. He signed a Term Sheet which stated "I hereby acknowledge that I understand and accept the terms stated above and will sign a revised employment agreement |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | | | containing these terms." The Term Sheet expanded the circumstances under which Brittingham could be terminated for cause. He also signed an "Acknowledgement," again recognizing that he could be terminated for cause for failure to abide by the Company's compliance policies. Under these circumstances, the objective evidence shows that Brittingham and AAC operated under the amended employment agreement with the requisite intent to be bound. Defendants can lay appropriate foundation and authenticate exhibit at trial through examination of Brittingham and others. The best evidence rule inapplicable because this is an authentic copy of the amended agreement. This exhibit is not prejudicial as Brittingham was required to enter into amended employment agreement in connection with his probation. Plaintiffs have listed this document on their trial exhibit list. |
| DX-055** | Brittingham Term Sheet for Reinstatement | | |
| DX-056* | Email from Gray to Ronchi et al re Resolution of AAC personnel situation | 7, 12 | This email was not sent to counsel for the purpose of obtaining legal advice. It is also falls under the business records exception to the hearsay rule. FRE 803(6). Company witnesses will be able to testify that the authors of the emails contained in this exhibit regularly prepared and sent emails in furtherance of the defendants' needs and not for the personal purposes of the |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
|  |  |  | authors of the email. |
| DX-057* | Email from Ronchi to Schauble, Gray re Resolution of AAC personnel situation | 7, 12 | This email was not sent to counsel for the purpose of obtaining legal advice.  It is also falls under the business records exception to the hearsay rule. FRE 803(6).  Company witnesses will be able to testify that the authors of the emails contained in this exhibit regularly prepared and sent emails in furtherance of the defendants' needs and not for the personal purposes of the authors of the email. |
| DX-058** | Email from Schauble to S. Allen re term sheet |  |  |
| DX-059** | Email from Scott Allen to Schauble re Brittingham documents |  |  |
| DX-060* | Interview Record - from Cofield to Thompson regarding Compliance Violation | 7, 12, 16 | This document is not privileged and it has been produced.  This exhibit is also subject to the business record exception to the hearsay rule.  FRE 803(6). Company witnesses will be able to testify that the author of this exhibit regularly prepared such documents and that this document was prepared in furtherance of the defendants' needs and not for the personal purposes of the authors of the document.  Defendants can lay appropriate foundation at trial through examination of Thompson and its witnesses. Plaintiffs have listed this document on their trial exhibit list. |
| DX-061* | Interview Record from Cofield to Brittingham re compliance violation | 7, 12, 16 | This document is not privileged and it has been produced.  This exhibit is also subject to the business record exception to the hearsay rule.  FRE 803(6). Company witnesses will be able |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | | | to testify that the author of this exhibit regularly prepared such documents and that this document was prepared in furtherance of the defendants' needs and not for the personal purposes of the authors of the document.  Defendants can lay appropriate foundation at trial through examination of Brittingham and its witnesses.  Plaintiffs have listed this document on their trial exhibit list. |
| DX-062 | Thompson First Amended and Restated Employment Agreement | 4, 5, 13, 14 | This amended agreement is relevant because Thompson was required to enter into it as a condition of her return to work following her 2010 suspension.  It is not prejudicial and can be authenticated by Defendants' witnesses at trial.  The best evidence rule is inapplicable because it is authentic copy of the amended agreement. Plaintiffs have listed this document on their trial exhibit list. |
| DX-063** | Thompson Term Sheet for Reinstatement | | |
| DX-064* | Email from Lee Koz to Cofield re KB | 4, 5, 8, 12, 16 | This email is relevant because it shows Brittingham's unwillingness to change the way he operated AAC post-acquisition.  It is not more prejudicial than probative and demonstrates a pattern of activity that is probative of Brittingham's intent.   It does not call for speculation and is instead very specific in its content.   It is also falls under the business records exception to the hearsay rule.  FRE 803(6).  Company witnesses will be able to testify that materials submitted as part of an |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | | | exit interview have been received via email and this email furthered defendants' needs and was not for the personal purposes of the author of the email.  Company witnesses will also be able to lay the appropriate foundation at the trial and testify about their knowledge of the events surrounding this exhibit. |
| DX-065** | Email from Mustian to Gail Jewell re compliance person | | |
| DX-066** | Letter from Mustian to U.S. Department of State re Full Narrative Self-Disclosure | | |
| DX-067** | Email from Brittingham to Schauble re AAC Compliance Training | | |
| DX-068* | FGI Org Chart | 4 | This document is relevant because it shows Brittingham's responsibilities and reporting structure after he was suspended, particularly with respect to R&D. |
| DX-069** | Email from Schauble re AAC Compliance Training | | |
| DX-070* | Email from Thompson to Mellars regarding size of storage facility for insurance | 4, 8, 16 | Thompson can lay the appropriate foundation at trial that Brittingham's gun collection is large and valuable.  This testimony is relevant because it demonstrates the size and magnitude of his collection and efforts that one should take to secure and keep track of such a valuable asset. |
| DX-071* | Email from Schauble to Brittingham regarding Robert | 4, 5, 8, 9 | No inappropriate lay witness testimony is included in this exhibit, and it is relevant to the efforts AAC took to place someone at AAC to assist it with compliance matters. |
| DX-072* | Email from Brittingham to | 4, 5, 7, 16, 17, | Defendants are willing to |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | Mustian re ATF Audit | 18, 20 | substitute REM170001782-83, which was produced in the litigation, and make that document DX-72.  Either version of the exhibit is relevant because it shows Brittingham's disdain and bad faith towards the compliance department at FGI and his intent to refrain from following the compliance department's instructions.  This is not prejudicial to Brittingham because it demonstrates his conduct in the area of compliance.  Defendants will be able to lay the foundation for this email using Brittingham or Company witnesses at the trial. |
| DX-073* | Email from Cofield to Schauble re Brittingham and taking action | 7, 12 | This email was produced in its entirety to the plaintiffs on 2/7/13 in the course of Defendants' document production.   It also falls under the business records exception to the hearsay rule. FRE 803(6).   Company witnesses will be able to testify that the author of this exhibit regularly prepared such documents and that this document was prepared in furtherance of the defendants' needs and not for the personal purposes of the authors of the document.   Plaintiffs have listed this document on their trial exhibit list. |
| DX-074* | Email from Thompson to Knox Williams re FFL inventory | 4, 5, 8, 9 | There is no lay witness testimony in this exhibit and the statements contained therein do not call for speculation.  Thompson had access to Brittingham's federal firearms records.  This exhibit is relevant because it shows that Thompson had knowledge of the firearms belonging to Brittingham |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | | | and access to records concerning same. It also demonstrates efforts made by Williams to gather information needed to track registration of firearms at AAC. Plaintiffs have listed this document on their trial exhibit list. |
| DX-075** | Email from Schauble to Cofield regarding concerns regarding term sheet | | |
| DX-076** | Email from Brittingham to Thompson re transfer of personal firearms | | |
| DX-077** | Email from Thompson to Cofield attaching signed agreement | | |
| DX-078** | Brittingham Acknowledgement from bringing personal firearms | | |
| DX-079** | Email from Cofield to Brittingham re AAC memo | | |
| DX-080 | Email from Thompson to Cofield attaching Kevin's signed documents | 4, 5, 8, 12, 13, 14 | This exhibit is relevant because it shows that Thompson sent Cofield a copy of Brittingham's amended employment agreement, and the enforceability of the amended agreement is at dispute in the litigation. Thus, the exhibit is not prejudicial, and Plaintiffs' objection on the grounds of speculation is not supported by any testimony to date in the case. Defendants will be able to lay any necessary foundation using the witnesses who are coming to trial and Defendants will be able to authenticate this document. Thus, the exhibit does not call for speculation. The best evidence rule is inapplicable because this is an authentic copy of the amended agreement. This exhibit also falls under the business records |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | | | exception to the hearsay rule. FRE 803(6).  Company witnesses will be able to testify that the author of this exhibit regularly prepared such documents and that this document was prepared in furtherance of the defendants' needs and not for the personal purposes of the authors of the document. |
| DX-081** | Email from Thompson to Mustian attaching acquisition transfers needed list | | |
| DX-082** | Email from Stafford to Schauble regarding AAC bonuses | | |
| DX-083** | Brittingham Expense Report | | |
| DX-084* | FGI Org Chart | 4 | This document is relevant because it shows Brittingham's responsibilities and reporting structure after he was suspended, particularly with respect to R&D. |
| DX-085** | Employee Reference Manual | | |
| DX-086** | AAC Org Chart | | |
| DX-087** | Brittingham Expense Report | | |
| DX-088** | Email from Blackwell to Schauble re action items | | |
| DX-089** | Email from Blackwell to Cofield re former FBI candidate for AAC | | |
| DX-090* | Limited Liability Agreement - FGI Operating Company and FGI Holding Company | 4, 16 | Company witnesses will be able to lay foundation as to this document and it is relevant because it shows that the corporate structure of FGI and Remington.  Remington is a parent of AAC. |
| DX-091* | Limited Liability Agreement - Remington Arms and FGI Operating | 4, 16 | Company witnesses will be able to lay foundation as to this document and it is relevant |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | Co. | | because it shows that the corporate structure of FGI and Remington.  Remington is a parent of AAC. |
| DX-092* | Limited Liability Agreement of FGI Holding Co. and Freedom Group | 4, 16 | Company witnesses will be able to lay foundation as to this document and it is relevant because it shows that the corporate structure of FGI and Remington.  Remington is a parent of AAC. |
| DX-093** | Brittingham Expense Report | | |
| DX-094** | Brittingham Expense report | | |
| DX-095** | Email from Blackwell to Cofield, Ronchi regarding John Stevens | | |
| DX-096** | AAC Services Agreement with Stevens | | |
| DX-097** | AAC Services Agreement with Stevens | | |
| DX-098** | Email from Blackwell to Brittingham regarding Adaptor/Pistons | | |
| DX-099** | Email from Blackwell to Buckner | | |
| DX-100** | Email from Blackwell to Schauble re Brittingham | | |
| DX-101** | Email from Mustian to Schauble re Fingerprint cards, passport photo | | |
| DX-102* | Email from Roth to Blackwell re AAC Update - John Stevens | 7 | There is no legal advice contained in this communication.  Thus, it is not privileged.  Plaintiffs have listed this document on their trial exhibit list. |
| DX-103* | Email from Schauble to Day re N00164-11-R-JN19 | 4 | This email is relevant because it shows that Brittingham contributed to the loss of a piece of Contract N00164-11-R-JN19 |
| DX-104 | Letter from Dept of Navy to AAC | 4, 13 | Defendants will be able to authenticate this document at trial using Thompson or other |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | | | Company witnesses. The letter is relevant because it shows that AAC was not awarded a significant piece of Contract N00164-11-R-JN19 and Brittingham contributed to the loss of a piece of this contract |
| DX-105** | Brittingham Expense Report | | |
| DX-106 | Ex. A (org charts), Ex. B (compliance specialist job description), Ex. C (compliance task list) | 7, 12, 13, 16, 17, 18 | Defendants have specifically stated to the Court and to the plaintiffs that this exhibit is not privileged. After Defendants notified the Court that they were not asserting privilege over this document, Defense counsel handed this document and others to Plaintiffs' counsel in person; thus, the document has been produced. Defendants will be able to lay any necessary foundation using the witnesses who are coming to trial and Defendants will be able to authenticate this document. This exhibit also falls under the business records exception to the hearsay rule. FRE 803(6). Company witnesses will be able to testify that the author of this exhibit regularly prepared such documents and that this document was prepared in furtherance of the defendants' needs and not for the personal purposes of the authors of the document. Company witnesses will also be able to lay any necessary foundation and authenticate this document at trial. |
| DX-107** | Email from Wolfe to Love re Silent Island | | |
| DX-108** | Email from Williams to Thompson and Brittingham | | |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | regarding Unaccounted Photo Shoot Silencers | | |
| DX-109** | Email from Thompson to Love re guns | | |
| DX-110** | Email from Williams to Thompson re Gun Audit | | |
| DX-111** | Email from Blackwell to Jackson re AAC leadership and 2012 | | |
| DX-112** | Email from Williams to Stevens re Copy of Full Bound Book (w/attachment) | | |
| DX-113** | Email from Brittingham to Schauble & Thompson re Compliance Specialist | | |
| DX-114** | Email from Brittingham to Schauble re compliance "It's bullshit" | | |
| DX-115** | Email from Schauble to Day regarding Knox is quitting AAC | | |
| DX-116** | Email form Blackwell to Brittingham regarding Sales Meeting | | |
| DX-117** | Email from Schauble to Blackwell re Sales org meeting | | |
| DX-118** | Email from Schauble to Blackwell re AAC call tomorrow | | |
| DX-119** | Email from Brittingham to Schauble re flashpoints | | |
| DX-120** | Email from  Schauble to Blackwell re AAC | | |
| DX-121** | Email from Blackwell to Schauble re Kevin & Lynsey | | |
| DX-122** | Email from Cofield to Ronchi, Blackwell regarding Brittingham personnel documents | | |
| DX-123** | Email from Schauble to Blackwell re Brittingham | | |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | and Thompson accomplishments | | |
| DX-124** | Email from Schauble to Stevens re guns | | |
| DX-125** | Email from Stevens to Schauble attaching acquisitions transfer needed | | |
| DX-126** | Email from Blackwell to Stafford regarding Nov AAC miss | | |
| DX-127** | Email from Schauble to Cofield re Thoughts/Questions | | |
| DX-128** | Brittingham Expense Report | | |
| DX-129** | Email from Schauble to Blackwell re resignation | | |
| DX-130** | Email from Brittingham to Blackwell re firing me? | | |
| DX-131** | Letter from Blackwell to Brittingham re removal of non-AAC firearms | | |
| DX-132* | Salaried Employee Change of Status Form - Brittingham Termination | 1, 4 | Defendants are willing to redact any personal identifiers contained in DX-132.  This document came from Brittingham's personnel file which was marked Confidential. There is no confidential information in this document. Thus, the objection is moot.  It is relevant because it memorializes Brittingham's termination from AAC |
| DX-133** | Email from Blackwell to Cofield, Day re Silvers Bump | | |
| DX-134** | Email from Thompson to Thompson attaching performance review | | |
| DX-135 | Transcript of Hotline Call | 4, 5, 7, 12, 13, 16 | The Hotline call is relevant because it led to the interview of Thompson in which she refused to turn over text messages she |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | | | exchanged with Brittingham after his employment was terminated. The contents of the Hotline complaint were repeatedly produced, they are not privileged, and there is no evidence that the call was made to an attorney for the purpose of obtaining legal advice.  Defendants are not offering the Hotline complaint for the truth of the matters asserted therein, but rather that the complaint was made and it was investigated.  Company witnesses have and will be able to authenticate the Hotline complaint at the trial and have and will be able to lay any necessary foundation.  The transcript matches the audio file at DX-172.  The Hotline complaint gives further support for the reasons Thompson's employment was terminated, especially since it led to another investigation in which Thompson refused to cooperate. Plaintiffs have listed this document on their trial exhibit list. |
| DX-136* | Letter from Rust to Scott Allen re: K. Brittingham laptop computer | 4 | This exhibit is relevant because it contains evidence of Brittingham's personal firearms on AAC's premises during the probationary period that AAC discovered on the day he was terminated.  It also shows that he used his personal computer to comingle his business and personal affairs. Plaintiffs have listed this document on their trial exhibit list. |
| DX-137** | AAC Receipt of 2 firearms from Brittingham | | |
| DX-138** | AAC Org Chart | | |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| DX-139** | L. Thompson Termination Letter | | |
| DX-140* | Memo from Johnson to Cofield re AACHotline Call Memo & Transcripts of Interviews | 7 | This document has been produced in the litigation.  Defendants do not claim privilege over it.  Plaintiffs have listed this document on their trial exhibit list. |
| DX-141* | 2/3/12 Letter from Rust to D'Cruz re Brittingham | 1 | This letter discusses the APA, to which Plaintiffs have lodged no objection.  The letter is not marked confidential.  Plaintiffs have selectively tagged documents using Objection 1 from their key in an effort to prevent certain documents from coming in. Plaintiffs have listed this document on their trial exhibit list. |
| DX-142** | 2/13/12 Letter from D'Cruz to Rust re Brittingham | | |
| DX-143** | Letter from D'Cruz to Rust re termination | | |
| DX-144** | 2/15/12 Letter from Rust to D'Cruz re Return of AAC Property | | |
| DX-145** | 3/22/12 Letter from Rust to D'Cruz re Brittingham Termination | | |
| DX-146** | 4/24/12 Letter from D'Cruz to Rust re Brittingham expense reports | | |
| DX-147** | AAC Storage List/Receipt | | |
| DX-148** | 2013 Special Tax Stamp - AAC | | |
| DX-149** | 2/14/13 Letter from D'Cruz to Rust transmitting Thompson's hard drive | | |
| DX-150* | Subpoena to AT&T and phone/text message records received | 8 | The materials Defendants have received in response to their subpoena make it very probable |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | | | that Brittingham and Thompson were communicating regarding various matters at issue in the case, including, but not limited to: Brittingham's removal of his personal weapons from AAC on the night before he was terminated, Brittingham's termination, Rust's interview of Thompson,  Thompson's wholesale downloading of AAC's property, and whether Thompson would turn over the recording. Defendants also incorporate by reference the arguments made in their June 11, 2013 letter to the court regarding this issue.  This exhibit is not speculative. |
| DX-151** | 4/15/13 Letter from D'Cruz to Rust re: AAC loading/demand removal of KB firearms | | |
| DX-152** | 4/21/13 Letter from D'Cruz to Rust re return of two guns | | |
| DX-153* | AAC - Copies of Checks Paid | 5 | This exhibit is not prejudicial; it simply shows the checks that Brittingham received in connection with those items for which he sought reimbursement that are part of AAC's counterclaim. |
| DX-154* | AAC Computer Network Policy | 4, 16 | This exhibit is relevant with respect to Thompson's wholesale download of Defendants' property before her termination, and violations of this policy. Company witnesses will be able to lay any necessary foundation for this at trial. |
| DX-155 | AAC Integration Scorecard | 2, 6, 13 | Plaintiffs' objections to this exhibit are unclear.  This document is not evidence of any settlement negotiations. |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | | | Company witnesses have and will authenticate this document at trial.  Plaintiffs have listed this document on their trial exhibit list. |
| DX-156* | AAC Open Points | 3 | If Plaintiffs refuse to withdraw this objection, Defendants will make the entire document an exhibit |
| DX-157** | Brittingham 2010 Performance Evaluation | | |
| DX-158** | Business Manager Job Description | | |
| DX-159* | Compliance/Legal Integration Efforts | 3 | If Plaintiffs refuse to withdraw this objection, Defendants will make the entire document an exhibit.  Plaintiffs have listed this document on their trial exhibit list. |
| DX-160* | Deal Summary:  Asset Purchase Agreement | 3 | If Plaintiffs refuse to withdraw this objection, Defendants will make the entire document an exhibit |
| DX-161 | Facebook Photo of Brittingham's Son with Deer | 4, 5, 13, 17, 18 | This exhibit is relevant because it shows Brittingham's intent to violate federal firearms law by permitting his son to hunt deer with a silencer, which is against the law in Georgia.   It is not more prejudicial than probative and demonstrates a pattern of activity that is probative of Brittingham's intent.  AAC requested this photograph in discovery and Brittingham refused to produce it.  Thus, AAC obtained it from Facebook, a publically available, third party source.  Brittingham cannot claim surprise based on photos pulled from his own Facebook page. |
| DX-162 | Facebook Photo of Brittingham's Son with Gun and Silencer | 4, 5, 13, 17, 18 | This exhibit is relevant because it shows Brittingham's intent to violate federal firearms law by |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | | | permitting his son to hunt deer with a silencer, which is against the law in Georgia.   It is not more prejudicial than probative and demonstrates a pattern of activity that is probative of Brittingham's intent.  AAC requested this photograph in discovery and Brittingham refused to produce it.  Thus, AAC obtained it from Facebook, a publically available, third party source.  Brittingham cannot claim surprise based on photos pulled from his own Facebook page. |
| DX-163** | FFL - AAC Baldwin GA | | |
| DX-164** | FFL - KB Baldwin GA | | |
| DX-165** | FFL - KB, Norcross GA | | |
| DX-166** | FGI Workplace Violence Policy | | |
| DX-167** | Founder Job Description | | |
| DX-168** | Freedom Group - Code of Business Conduct | | |
| DX-169** | Freedom Group Compliance and Safety Committee Charter | | |
| DX-170** | Freedom Group Orientation | | |
| DX-171 | Handwritten Letter from Watson to Brittingham re | 4, 5, 13 | This letter is relevant because it relates to the silencer that led to Brittingham's suspension and probation.  Defendants will authenticate this letter at trial. |
| DX-172 | Hotline Call Audio | 4, 5, 12, 13 | The Hotline call is relevant because it led to the interview of Thompson in which she refused to turn over text messages she exchanged with Brittingham after his employment was terminated. The contents of the Hotline complaint were repeatedly produced, they are not privileged, and there is no evidence that the call was made to an attorney for |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | | | the purpose of obtaining legal advice.  Defendants are not offering the Hotline complaint for the truth of the matters asserted therein, but rather that the complaint was made and it was investigated.  Company witnesses have and will be able to authenticate the Hotline complaint at the trial and have and will be able to lay any necessary foundation.  The Hotline complaint gives further support for the reasons Thompson's employment was terminated, especially since it led to another investigation in which Thompson refused to cooperate. |
| DX-173 | K. Brittingham Bound Book | 13 | Plaintiffs' produced this document in the litigation and represented it is Brittingham's bound book.  To the extent this exhibit requires additional authentication, Defendants may do so at trial. Plaintiffs have listed this document on their trial exhibit list. |
| DX-174** | K. Brittingham Termination Letter | | |
| DX-175** | Knox Williams Handwritten Gun List | | |
| DX-176** | List of 14 AAC Post Sample Machineguns | | |
| DX-177** | Location of Guns List (full size) | | |
| DX-178** | Operations Manager Job Description | | |
| DX-179 | Photo of Gun | 8, 9, 10, 11, 13, 16, 17, 18 | Defendants intend to offer fact testimony concerning the gun in the photograph from Company witnesses or witnesses Brittingham has listed; thus, Plaintiffs' objections 9-11 are invalid.  Defendants will also |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | | | offer evidence that these photos were taken during Brittingham's probationary period at AAC and will offer evidence from the photographers in the form of a declaration who took the photos to authenticate the photos and lay the appropriate foundation. These photos were not in the possession of AAC and were acquired from third parties shortly before Brittingham's deposition, where they were produced. To the extent any further evidence is required, Defendants are willing to make the photographers available for a telephone deposition after the trial since the Plaintiffs' order of proof indicates it will now take them 4 days to present their case. |
| DX-180 | Photo of Gun | 8, 9, 10, 11, 13, 16, 17, 18 | Defendants intend to offer fact testimony concerning the gun in the photograph from Company witnesses; thus, Plaintiffs' objections 9-11 are invalid. Defendants will also offer evidence that these photos were taken during Brittingham's probationary period at AAC and will offer evidence from the photographers in the form of a declaration who took the photos to authenticate the photos and lay the appropriate foundation. These photos were not in the possession of AAC and were acquired from third parties shortly before Brittingham's deposition, where they were produced. To the extent any further evidence is required, Defendants are willing to make the photographers available for a telephone |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | | | deposition after the trial since the Plaintiffs' order of proof indicates it will now take them 4 days to present their case. |
| DX-181 | Photo of Gun | 8, 9, 10, 11, 13, 16, 17, 18 | Defendants intend to offer testimony concerning the gun in the photograph from Company witnesses or witnesses Brittingham has listed; thus, Plaintiffs' objections 9-11 are invalid.  Defendants will also offer evidence that these photos were taken during Brittingham's probationary period at AAC and will offer evidence from the photographers who took the photos in the form of a declaration to authenticate the photos and lay the appropriate foundation.   These photos were not in the possession of AAC and were acquired from third parties shortly before Brittingham's deposition where they were produced. To the extent any further evidence is required, Defendants are willing to depose the photographers by phone. |
| DX-182 | Photo of Gun | 8, 9, 10, 11, 13, 16, 17, 18 | Defendants intend to offer testimony concerning the gun in the photograph from Company witnesses or witnesses Brittingham has listed; thus, Plaintiffs' objections 9-11 are invalid.  Defendants will also offer evidence that these photos were taken during Brittingham's probationary period at AAC and will offer evidence from the photographers in the form of declarations who took the photos to authenticate the photos and lay the appropriate foundation. These photos were not in the |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | | | possession of AAC and were acquired from third parties shortly before Brittingham's deposition, where they were produced. To the extent any further evidence is required, Defendants are willing to make the photographers available for a telephone deposition after the trial since the Plaintiffs' order of proof indicates it will now take them 4 days to present their case. |
| DX-183 | Photo of Gun | 8, 9, 10, 11, 13, 16, 17, 18 | Defendants intend to offer fact testimony concerning the gun in the photograph from Company witnesses or witnesses Brittingham has listed; thus, Plaintiffs' objections 9-11 are invalid.  Defendants will also offer evidence that these photos were taken during Brittingham's probationary period at AAC and will offer evidence from the photographers in the form of a declaration who took the photos to authenticate the photos and lay the appropriate foundation. These photos were not in the possession of AAC and were acquired from third parties shortly before Brittingham's deposition, where they were produced. To the extent any further evidence is required, Defendants are willing to make the photographers available for a telephone deposition after the trial since the Plaintiffs' order of proof indicates it will now take them 4 days to present their case. |
| DX-184 | Photo of Gun (KH416 D) | 8, 9, 10, 11, 13, 16, 17, 18 | Defendants intend to offer testimony concerning the gun in the photograph from Company witnesses or witnesses |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | | | Brittingham has listed; thus, Plaintiffs' objections 9-11 are invalid.  Defendants will also offer evidence that these photos were taken during Brittingham's probationary period at AAC and will offer evidence from the photographers in the form of declarations who took the photos to authenticate the photos and lay the appropriate foundation. These photos were not in the possession of AAC and were acquired from third parties shortly before Brittingham's deposition, where they were produced. To the extent any further evidence is required, Defendants are willing to make the photographers available for a telephone deposition after the trial since the Plaintiffs' order of proof indicates it will now take them 4 days to present their case. |
| DX-185 | Photo of Silencer Cut in Half | 4, 5, 8, 9, 10, 11, 13, 16, 17, 18, 19 | Defendants intend to offer fact testimony concerning the gun in the photograph from Company witnesses or witnesses Brittingham has listed; thus, Plaintiffs' objections 9-11 are invalid.  Defendants will also offer evidence that these photos were taken during Brittingham's probationary period at AAC and will offer evidence from the photographers in the form of declarations who took the photos to authenticate the photos and lay the appropriate foundation. These photos were not in the possession of AAC and were acquired from third parties shortly before Brittingham's deposition, where they were produced. To the |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | | | extent any further evidence is required, Defendants are willing to make the photographers available for a telephone deposition after the trial since the Plaintiffs' order of proof indicates it will now take them 4 days to present their case. |
| DX-186 | RAC - Compliance Program - Firearms Training | 4, 7, 12, 13, 16 | This document is not on the Defendants' privilege log. To the extent necessary, Company witnesses can authenticate it and lay the appropriate foundation at trial. It is relevant because it shows the compliance policies that governed employees' conduct at AAC. This exhibit also falls under the business records exception to the hearsay rule. FRE 803(6). Company witnesses will be able to testify that the author of this exhibit regularly prepared such documents and that this document was prepared in furtherance of the defendants' needs and not for the personal purposes of the authors of the document. |
| DX-187** | Random Ventures Bound Book (Silent Island) | | |
| DX-188** | Stevens Resume | | |
| DX-189 | Still Shot from Video (2:35) | 4, 5, 8, 9, 10, 11, 13, 16, 17, 18, 19 | This photo is a still shot taken from a television show that was taped at AAC during Brittingham's probationary period. It contains a silencer that AAC believes belongs to Brittingham. Defendants intend to offer fact testimony concerning the gun in the photograph from Company witnesses; thus, Plaintiffs' objections 9-11 are invalid. Defendants will also offer evidence and testimony this |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | | | footage was taken during Brittingham's probationary period at AAC and will offer evidence from the company who recorded the footage in the form of a declaration to authenticate it and lay the appropriate foundation. This footage was not in the possession of AAC and was acquired from third parties without a subpoena. To the extent any further evidence is required, Defendants are willing to make the photographers available for a telephone deposition after the trial since the Plaintiffs' order of proof indicates it will now take them 4 days to present their case. |
| DX-190 | Surveillance Video | 3, 4, 13, 14, 15, 17, 18 | This document was produced to Plaintiffs in January 2013.  This document is relevant because it shows Brittingham attempting to hide what he removed from AAC on the night before his termination which was likely a MP5 (a machine gun).   It is an authentic copy of a surveillance video; thus the best evidence rule is inapplicable.  Defendants will also offer evidence this footage was taken on the evening before Brittingham's termination by a security camera located at AAC's facility.  Defendants also possess a declaration in this regard. |
| DX-191 | Text Message | 4, 13, 17, 19 | This exhibit is relevant because it shows that Brittingham sent text messages concerning his termination and Thompson's termination.  Defendants did not receive this text from AT&T, thus objections 17 and 19 are misplaced, and this document was produced by Defendants in |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | | | discovery. |
| DX-192 | Text Message | 4, 13, 17, 19 | This exhibit is relevant because it shows that Brittingham sent text messages concerning his termination and Thompson's termination.  Defendants did not receive this text from AT&T, thus objections 17 and 19 are misplaced, and this document was produced by Defendants in discovery. |
| DX-193 | Video Clips received from Outdoor Channel | 4, 5, 8, 9, 10, 11, 13, 16, 17, 18, 19 | Defendants provided a copy of their subpoena to Plaintiffs via letter dated April 11, 2013. Defendants did not receive footage until after the discovery period closed.  Some of the footage Defendants received was unviewable, so the production of the footage was delayed. Defendants will also offer evidence from the production company that captured the footage that it was taken during Brittingham's probationary period at AAC. AAC will also offer evidence from the production company who captured the footage in the form of a declaration to authenticate it and lay the appropriate foundation. To the extent any further evidence is required, Defendants are willing to make the photographers available for a telephone deposition after the trial since the Plaintiffs' order of proof indicates it will now take them 4 days to present their case. Defendants intend to offer fact testimony concerning the footage from Company witnesses; thus, Plaintiffs' objections 9-11 are invalid. |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| DX-194 | Photo Taken By M. Kapelsohn at The Farm - S/N B6668697 | 4, 8, 9, 10, 11, 13, 16, 17 | Kapelsohn is not testifying as an expert.  He is purely a fact witness.  All he will do is testify that he participated in the Rule 34 inspection and photographed Exs. 194 - 199.   Thus, he will lay appropriate foundation and authenticate the photos.  These photographs are relevant because they show firearms that are included on the Knox List.  All of the photos show firearms that are in Brittingham's possession, custody, and control.  They were provided to plaintiffs' counsel on April 24, 2013. |
| DX-195 | Photo Taken By M. Kapelsohn at The Farm - S/N B6668697 | 4, 8, 9, 10, 11, 13, 16, 17 | Kapelsohn is not testifying as an expert.   He is purely a fact witness.  All he will do is testify that he participated in the Rule 34 inspection and photographed Exs. 194 - 199.   Thus, he will lay appropriate foundation and authenticate the photos.  These photographs are relevant because they show firearms that are included on the Knox List.  All of the photos show firearms that are in Brittingham's possession, custody, and control.  They were provided to plaintiffs' counsel on April 24, 2013. |
| DX-196 | Photo Taken By M. Kapelsohn at The Farm - S/N 252-95554 | 4, 8, 9, 10, 11, 13, 16, 17 | Kapelsohn is not testifying as an expert.  He is purely a fact witness.  All he will do is testify that he participated in the Rule 34 inspection and photographed Exs. 194 - 199.   Thus, he will lay appropriate foundation and authenticate the photos.  These photographs are relevant because they show firearms that are included on the Knox List.  All of the photos show firearms that are |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | | | in Brittingham's possession, custody, and control.  They were provided to plaintiffs' counsel on April 24, 2013. |
| DX-197 | Photo Taken By M. Kapelsohn at The Farm - S/N 252-95554 | 4, 8, 9, 10, 11, 13, 16, 17 | Kapelsohn is not testifying as an expert.  He is purely a fact witness.  All he will do is testify that he participated in the Rule 34 inspection and photographed Exs. 194 - 199.   Thus, he will lay appropriate foundation and authenticate the photos.  These photographs are relevant because they show firearms that are included on the Knox List.  All of the photos show firearms that are in Brittingham's possession, custody, and control.  They were provided to plaintiffs' counsel on April 24, 2013. |
| DX-198 | Photo Taken by M. Kapelsohn at the  Farm - Savage .22 bolt action rifle | 4, 8, 9, 10, 11, 13, 16, 17 | Kapelsohn is not testifying as an expert.  All he will do is testify that he participated in the Rule 34 inspection and photographed Exs. 194 - 199.   Thus, he will lay appropriate foundation and authenticate the photos.  These photographs are relevant because they show firearms that are included on the Knox List.  All of the photos show firearms that are in Brittingham's possession, custody, and control.  They were provided to plaintiffs' counsel on April 24, 2013. |
| DX-199 | Photo Taken by M. Kapelsohn at the  Farm - Savage .22 bolt action rifle | 4, 8, 9, 10, 11, 13, 16, 17 | Kapelsohn is not testifying as an expert.  He is purely a fact witness.  All he will do is testify that he participated in the Rule 34 inspection and photographed Exs. 194 - 199.   Thus, he will lay appropriate foundation and authenticate the photos.  These photographs are relevant because |

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS | RESPONSE TO OBJECTION |
|---|---|---|---|
| | | | they show firearms that are included on the Knox List.  All of the photos show firearms that are in Brittingham's possession, custody, and control.  They were provided to plaintiffs' counsel on April 24, 2013. |
| DX-200** | Email from K. Williams to multiple recipients re SHOT guidance | | |

**[The remainder of this page is intentionally left blank.]**

Dated:  June 12, 2013

Respectfully submitted,


_____/s/_____          _____/s/_____
R. Jason D'Cruz (admitted *pro hac vice*)      Michael J. DiMattia
Leslie J. Nordin (admitted *pro hac vice*)      McGuireWoods LLP
Catharine B. Wooten (admitted *pro hac vice*)   1345 Avenue of the Americas, 7th Floor
Meredith W. Caifa (admitted *pro hac vice*)     New York, NY 10105
Morris, Manning & Martin LLP            Telephone:  212.548.2100
1600 Atlanta Financial Center           Fax:  212.548.2150
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326                  Dana L. Rust (admitted *pro hac vice*)
Telephone:  404.233.7000                Edward M. Eakin, III (admitted *pro hac vice*)
Fax:  404.365.9532                      McGuireWoods LLP
                                        901 East Cary Street
Robert A. O'Hare Jr., Esq.              Richmond, Virginia  23219
Michael Zarocostas, Esq.                Telephone:  804.775.1000
Andrew C. Levitt, Esq.                  Fax:  804.775.1061
O'Hare Parnagian
82 Wall Street, Suite 300
New York, NY 10005-3686
Phone: 212-425-1401
Fax: 212-425-1421



**SO ORDERED.**

**Dated:  _____**


_____
Katherine B. Forrest
United States District Judge