USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED FEB 0 6 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RANDOM VENTURES, INC., KEVIN    :
BRITTINGHAM, & LYNSEY THOMPSON,:
                              :
          Plaintiffs,          :             12 Civ. 6792 (KBF)
                              :
         -v-                 :              ORDER
                              :
ADVANCED ARMAMENT CORP., LLC &  :
REMINGTON ARMS COMPANY, LLC,   :
                              :
          Defendants.     :
------------------------------------------------------------ X
KATHERINE B. FORREST, District Judge:

In accordance with the Court's Order dated January 13, 2014, plaintiffs in

the above-referenced action submitted a proposed Judgment, to which defendants

filed a series of objections.

The Court addresses each of defendants' objections in turn. Plaintiffs are

ORDERED to submit a revised judgment that takes into account the

determinations below within **three business days** of the date of this Order.

- Defendants object to Paragraph 1 of plaintiffs' proposed Judgment to the

    extent it awards prejudgment interest on payments under Paragraphs 1(a)

    and 1(b) computed from December 21, 2011. The Court ORDERS plaintiffs

    are entitled to prejudgment interest on payments under Paragraphs 1(a) and

    1(b) – these payments became due at the time of the breach.[1]

---

[1] To the extent that defendants cite case law suggesting otherwise, that precedent is inapposite because it pertains to installment contracts rather than the (more ordinary) agreements at issue in this case. See, e.g., AboveNet Commc'ns, Inc. v. A&D Data Corp., No. 08 Civ. 6188, 2010 WL 235005, at *5 (S.D.N.Y. Jan. 19, 2010)

- Defendants object to Paragraph 1 of the proposed Judgment because it awards payments under Paragraphs 1(a) and 1(b) prior to the contractually agreed upon dates of March 31, 2015 under Paragraph 1(a) and January 2, 2015 under Paragraph 1(b).  The Court ORDERS that the applicable amounts are due and owing because of defendants' breach.

- Defendants object to Paragraph 1(c) of the proposed Judgment to the extent that it awards Kevin Brittingham more than one year's base salary.  The Court ORDERS that Section 3.2(c) of Brittingham's Employment Agreement is applicable and that Brittingham may not recover more than one year's (original) base salary.[2]

- Defendants object to Paragraph 2 of the proposed Judgment to the extent that it awards Lynsey Thompson more than one year's base salary.  The Court again ORDERS that Section 3.2(c) of Thompson's Employment

---

("If future contractual payments by the breaching party are contingent on the injured party's performance of an obligation to the breaching party, the New York Court of Appeals has indicated that the injured party may invoke the principle of anticipatory breach to rid itself of the obligation on which the future payments would depend, and hence may recover such future payments.") (citation omitted)); see also McCready v. Lindenborn, 172 N.Y. 400, 408 (1902) (drawing a distinction between the breach of an installment contract and the breach of an entire contract: "The breach of an agreement to pay money in installments is not a breach of the entire contract and will not permit a recovery of all the damages in advance.").
[2] Plaintiffs rely on the portion of the Court's Opinion & Order that stated Brittingham and Thompson "suffered general damages including lost salary, bonus compensation, benefits, unpaid, unused, and accrued vacation, and other perquisites they would have received under the [Employment Agreements] through the end of the term on March 31, 2015." This language was overly broad.  Plaintiffs may have suffered such harms, but their damages are contractually limited to those set forth in their Employment Agreements.

Agreement is applicable and that Thompson therefore may not recover more than one year's (original) base salary.

- Defendants object to Paragraphs 3 and 4 of the proposed Judgment to the extent that it declares Section 6.3 of Brittingham and Thompson's Employment Agreements invalid. The Court hereby ORDERS that Section 6.3 is valid and enforceable.

- Defendants object to Paragraphs 3 and 4 of the proposed Judgment to the extent it deems Sections 6.4(a)(iii), (iv), (v), and (vi), 6.4(c), and 6.4(d) of the APA overbroad and unenforceable. The Court hereby ORDERS that Sections 6.4(a) (iii), (iv), and (vi) are still valid and enforceable provisions of the APA. (See APA § 11.10 entitled Partial Invalidity.) Section 6.4(v) is valid and enforceable to the extent it is not in conflict with the elimination of the non-compete. Sections 6.4(c) and (d) are similarly valid and enforceable to the extent they refer to live provisions of Section 6.4(a).

3

- Defendants request that the Court add a statement that defendants'
  deadline for filing a Notice of Appeal begins to run following the Court's entry
  of Judgment.  As stated in the Court's Jan. 31, 2014 Order, the time to file a
  Notice of Appeal shall begin running only following the Court's entry of
  Judgment in this matter.

SO ORDERED.


Dated: New York, New York
      February __6__, 2014

                                                              KATHERINE B. FORREST
                                            United States District Judge